## M. N. NEYLAND ET AL. V. W. B. WARD.

### Decided December 18, 1899.

**1. Bond for Title—Trespass to Try Title—Equitable Title.**

Where a bond for title which acknowledges the receipt of the consideration therefor, recites the sale of a tract of land, and binds the obligor to make a fee simple deed to the purchaser so soon as patent is issued by the government, it passes the equitable title, and is a conveyance such as will support an action of trespass to try title without other evidence of the payment of the consideration.

**2. Same—Stale Demand—Naked Legal Title in Trust.**

The plea of laches and stale demand is not available against the title conveyed by such bond where it appears that, after its execution, patent issued in the name of a prior owner, and it is not shown that he, thus holding the legal title in trust, has ever repudiated the trust, or that a possession of the land by the opposing parties in the suit was of an adverse character.

**3. Trespass to Try Title—Presumption as to Possession.**

Where the petition in trespass to try title alleges in the usual form that defendants entered upon the land and ejected plaintiff therefrom, and the defendants pleaded not guilty and stale demand, it will be presumed on appeal, in the absence of a statement of facts, that the defendants were in possession at the time of filing the suit and at the time of trial.

**4. Practice on Appeal—Motion to File Additional Conclusions of Fact.**

A motion asking the appellate court to file additional conclusions of fact will be denied where there is no statement of facts in the record.

APPEAL from Delta. Tried below before Hon. P. C. THURMOND, Special Judge.

*Neyland & Neyland, J. G. Matthews,* and *Perkins, Gilbert & Perkins,* for appellants.

*Burdett & Connor* and *A. P. Park,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This is an action of trespass to try title and for damages which was brought in the District Court of Delta County by the appellee W. B. Ward, against M. W. Neyland and several other defendants, appellants herein. Defendants below answered pleading "not guilty," and setting up a muniment in the plaintiff's chain of title, and pleading "stale demand" to the plaintiff's cause of action. The regular judge being disqualified to try the cause, Hon. Pres. C. Thurmond was agreed upon by counsel to try the same, and after duly qualifying, judgment was rendered by him on January 16, 1899, in favor of appellee. Appellants excepted and gave notice of appeal from the judgment of the court to this court.

This cause was tried by the court without the intervention of a jury. There is no statement of facts in the record. The court, at the request of appellants, filed conclusions of law and fact. The conclusions of fact show that plaintiff deraigned title as follows:

1. Conveyance from Lavini Hampton to Wm. R. Revier, dated May 4, 1838, for an undivided half of certificate No. 556, for a league and labor of land issued to her by the board of land commissioners of Red River County.

2. On May 19, 1846, Wm. K. Revier executed an instrument of conveyance to J. H. Darnell reading as follows:

"*State of Texas, Lamar County.*—Know all men by these presents, that I, Wm. K. Revier, of county and State above written, am held and firmly bound unto J. H. Darnell, his heirs and assigns forever, in the penal sum of five thousand dollars, lawful money, well and truly to be paid, for the faithful payment whereof I hereby bind myself, heirs and assigns forever. The condition of the above obligation is such that whereas I, the above bound Wm. K. Revier, have this day, for and in consideration of the sum of two thousand dollars to me paid by said J. H. Darnell, the receipt whereof is hereby acknowledged, bargained, sold, released, and conveyed, and do by these presents bargain, sell, alienate, and convey unto said Darnell, his heirs and assigns forever, all my right, title, interest, and claim in and to a certain tract or parcel of land situate, being, and lying in Lamar County aforesaid, between the waters of the two Sulphurs, the same being one undivided half of one league and labor of land held by virtue of land certificate issued by the board of land commissioners of Red River County to Lavini Hampton for one league and labor of land, marked number five hundred and fifty-six, and by her, the said Lavini Hampton, transferred to me on the fourth of May, one thousand eight hundred and thirty-eight. Now if I, the above bound Wm. K. Revier, shall make or cause to be made a good and perfect title in fee simple to the above mentioned land (so soon as a patent is issued to the same by the government) to J. H. Darnell, his heirs or assigns, and then and in that case the above bond to be null and void, and on failure to make a title the bond to remain in full force and effect. Given under my hand and seal this 19th day of May, 1846.

"Signed and interlined in presence of G. W. Wright, W. L. Shay.

"W. K. REVIER." [Seal.]

This instrument was proved up for record on the 19th day of May, 1846, and on the same day filed for record in Lamar County.

4. Plaintiff showed a regular chain of title from Darnell to himself for all the interest acquired by Darnell under the conveyance from Revier.

5. Patent from the State to Lavini Hampton, dated February 4, 1850. The land was located by Wm. K. Revier and M. G. Null in 1842, in what is now Delta County.

The defendants A. D. Lassiter, Rosa Whitehead, J. H. Whitehead, and M. W. Neyland are the heirs of Wm. K. Revier. There is no finding in reference to the possession of the land, nor any reference to any

demand ever having been made by plaintiff of Revier or his heirs for a deed to the land.

Appellants under their first assignment of error present the following proposition: "It was error for the court to admit in evidence in trespass to try title a bond for title in a suit against the heirs of the makers where stale demand is pleaded by defendants, without plaintiff establishing a decree or specific performance, or showing long occupation of the land under said bond for title."

Upon the trial the defendants objected to the introduction of the instrument from Wm. K. Revier to Darnell in evidence for the following reasons: (1) Because it is, strictly speaking, a contract or a bond, and by its terms on its face agrees to make a conveyance at a future time, and is without the habendum and other clauses necessary to make it a conveyance to the land in controversy. (2) Because if said instrument conveys anything, it is a mere equity, and it is not such a conveyance as can be used as a muniment of title in trespass to try title, except in an action against a naked trespasser or a stranger to the title as shown by bill of exceptions number 1.

The objections were overruled and the instrument admitted, and defendants excepted and saved their exceptions by a proper bill of exception.

Such a bond for title, under the laws of Texas, is treated as a species of title. Scarborough v. Arrant, 25 Texas, 131; Elliot v. Mitchell, 47 Texas, 451.

The bond for title acknowledged the receipt of the purchase money and conveyed to the grantee an equitable title. Tompkins v. Brooks, 43 S. W. Rep., 70; Scarborough v. Arrant, supra; Elliott v. Mitchell, supra. An action of trespass to try title may be maintained on an equitable title. Miller v. Alexander, 8 Texas, 36; Wright v. Thompson, 14 Texas, 558.

The bond for title was admissible in evidence, and the court did not err in overruling the exceptions.

Appellants in their second assignment of error complain of the trial court's first conclusion of law, in which that court found as a conclusion of law that the bond for title from Revier to Darnell conveyed to said Darnell the superior equitable title to the land.

"1. Because the same was a bond for title in which Revier obligated himself to convey to Darnell the title to the land at a future time, to wit, when the patent issued.

"2. Because the bond for title is not of itself sufficient to enable the obligee in said bond to maintain a suit of trespass to try title against the obligor in said bond or his heirs or legal representatives.

"3. Because there is no evidence independent of the bond itself of the payment of the purchase money or of the actual possession of the land by Darnell or anyone claiming through his title.

"4. Because the bond is, strictly speaking, a contract, and by its terms on its face agrees to make a conveyance at a future time, and is

without a habendum and any other clause necessary to make it a conveyance of the land in controversy.

"5. Because if said instrument conveys anything, it is a mere equity, and is not such a conveyance as can be used as a muniment of title, except in an action against a naked trespasser or a stranger to the title."

The instrument executed by Wm. K. Revier to J. H. Darnell is strictly a bond for title. As already stated, it acknowledged payment of the purchase money and conveyed the equitable title. Such acknowledgment in the bond for title is prima facie evidence of the payment of the purchase money. Williams v. Talbot, 27 Texas, 159.

Upon the issuance of the patent by the State, Darnell took the equitable title to the land.

In speaking of the character of the title of the grantee in a bond for title where the purchase money has been paid, Judge Wheeler, speaking for the court in the case of Vardeman v. Lawson, 17 Texas, 15, says: "Where the purchase money has been paid, it vests in the purchaser the equitable title under our law sufficient to enable him to recover and defend the possession in any action wherein his right to possession may be drawn in question; it is superior to the legal title remaining in his vendor."

We conclude that the court did not err in its conclusion of law in holding that the plaintiff held the superior equitable title to the land, and that as to such the doctrine of stale demand does not apply.

But, if appellants' contention that the equitable doctrine of stale demand does apply, under the facts as shown by the record they are in no better position. By the conveyance from Lavini Hampton to Revier, the legal title to the certificate passed to him, and upon the issuance of the patent he took the naked legal title to the land in trust for the use and benefit of the holder of the equitable title. Reed v. West, 47 Texas, 240; Robertson v. Du Bose, 76 Texas, 10.

There has been no repudiation of this trust, so far as the record shows, by a sale of the property by Revier or his heirs, or by possession claiming the exclusive ownership of the land. The appellants contend that the record shows possession by them through their tenants.

There is no express finding as to possession. The court found that certain of the defendants are the heirs of Wm. K. Revier, and that the other defendants are tenants of such heirs. The court does not find that such tenants are in possession of the land, or, if in possession, the character of their possession, or when it began.

The holder of the legal title not having repudiated his trust, it would seem that the claim of plaintiff could not be defeated on the ground that by his laches it had become a stale demand which equity would not enforce. Robertson v. Du Bose, supra.

The above remarks fairly dispose of all the propositions presented by appellants in their brief, and require an affirmance of the judgment.

*Affirmed.*

ON MOTION FOR ADDITIONAL FINDINGS OF FACT.

The record does not contain a statement of facts. We treated the findings of fact filed by the trial court as the facts of the case. The petition alleges that the defendants entered upon and ejected the petitioners from the possession of the land. The defendant pleaded not guilty and stale demand.

Under this condition of the pleading we think the defendants should be considered as in possession, and in deciding the case we treated them as in possession at the time of filing the suit and at the time of trial. There being no statement of facts, there is no occasion for this court to file conclusions of fact, and therefore the motion for additional conclusions is overruled.

*Overruled.*