## J. F. McKee v. C. C. West.

### Decided April 28, 1909.

**1.—Evidence—Records of Land Office—Transfer of Lease.**

There is no statute requiring the transfer of a lease of public school land to be acknowledged in order to be filed and acted upon in the General Land Office, and being a record of that office, a certified copy of such transfer is competent evidence.

**2.—Same—Copies of Letters.**

Copies of letters of the Land Commissioner, preserved in the ordinary way, are copies of the records of that office and are admissible in evidence.

**3.—School Land—Purchase—Presumption of Title.**

In an action of trespass to try title the presumption is in favor of the validity of an award and sale of school land by the Commissioner of the General Land Office, and such presumption must prevail in favor of a defendant in such action holding under an award and sale, in the absence of evidence that the award and sale were invalid.

**4.—Trespass to Try Title—Plea of Not Guilty—Judgment.**

Under a plea of not guilty in trespass to try title the court may adjudicate the title to the land in controversy to be in the defendant. Such an adjudication would comprehend no more than that the plaintiff take nothing by his suit. But it would be error under such plea alone to award the defendant a writ of possession.

**5.—Appeal—Costs—Practice.**

Where an error requiring a reversal of the judgment of the trial court was not in some manner called to the attention of said court, the cost of the appeal will be taxed against the appellant.

Appeal from the District Court of Schleicher County. Tried below before Hon. J. W. Timmins

*L. H. Brichtman,* for appellant.—The Commissioner of the General Land Office can not give a certificate of fact which would be admissible in evidence based on an instrument, which said instrument itself would not be admissible if offered. Batts' Statutes, art. 2308; Allen v. Hoxey, 37 Texas, 320; Houston v. Perry, 3 Texas, 390; Smithwick v. Andrews, 24 Texas, 495; Eakin v. Shumaker, 12 Texas, 52.

A copy of the imprint of a letter is not admissible in evidence. Byers v. Wallace, 28 S. W., 1056; State v. Cardinas, 47 Texas, 250.

*Sellman & Campbell,* for appellee.

JAMES, CHIEF JUSTICE.—Action by McKee of trespass to try title to school section 106 in block A, granted the Houston, East & West Texas Railway Company, in Schleicher County. The court rendered judgment for the defendant West.

Appellant's only proposition under his first assignment of error is: "The Commissioner of the General Land Office can not give a certificate of fact which would be admissible in evidence based on an instrument, which said instrument itself would not be admissible if offered." The only question which this proposition raises is that the documents from which the fact certified to was taken, would not themselves have been admissible.

The certificate of the Commissioner was as follows: "I, J. T. Robison, chief clerk and acting Commissioner of the General Land Office of the State of Texas, do hereby certify that the records, papers and documents of said office show that on the 9th day of February, 1898, W. S. Davis conveyed to H. A. Thompson all of his right, title and interest in and to school sections 16, 106, 108 and 166, block A, Houston, E. & W. T. Ry. Co., in Schleicher County, which were leased to the said W. S. Davis in lease 20,492. That on March 27, 1906, H. A. Thompson conveyed all his title and leasehold interest in and to all of lease No. 20,492 to C. C. West, which latter transfer was filed in this office April 4, 1906, and said section 106, was canceled out said lease 20,492, and sold to C. C. West April 12, 1906."

When the above was offered plaintiff interposed objections thereto, and "for the purposes of the bill of exception only," in connection with the objections, offered and introduced certified copies from the Commissioner of the transfer of said lease from Davis to H. A. Thomson, and of the transfer of same from Thomson to West. These certified copies showed that neither of the transfers was acknowledged by the grantor, nor recorded in the county where the land was situated. It was proved that the tract in question was included in a lease to W. S. Davis that ran for ten years from September 29, 1897.

There can be no doubt that the transfers of the lease were authorized to be filed in the Land Office and became records of that office without being acknowledged or recorded in the county where the land is.   There is no statute requiring such papers to be acknowledged in order to be filed and acted upon in that office.   And being records of the office, article 2306, Sayles' Revised Statutes, made certified copies of them *prima facie* evidence.   The proposition under the first assignment does not raise the question of whether or not the facts stated in the Commissioner's certificate were such as it is contemplated by said article he may certify to.

The second assignment complains of the admission of a certified copy from the Land Office as follows:

·   "April 5, 1906.

"Mr. C. C. West, Eldorado, Texas.

"Dear Sir: This department is in receipt of yours of the 27th ult., in which you state that you desire to purchase section 106, block A, certificate 55, H., E. & W. T. Ry. Co. in Schleicher County, embraced in lease No. 20,492, under your preference right as assignee of the said lease.   You are advised that this section will be subject to sale to you as a whole as dry agricultural at $6.00 per acre as provided by the Act of April 15, 1905.

"Respectfully,

"John J. Terrell, Commissioner."

The Commissioner's certificate to this paper shows that it was a "copy of the imprint of a letter as appears on page 501 of letter book volume 1, No. 820, which said volume is kept as an archive in this office."   We are of opinion that the copies of letters of the Land Commissioner, preserved in the ordinary way, are copies of records of that office.   However, the admission of this in evidence was harmless as the award of the land to West was otherwise shown.

The fourth assignment is that the court erred in rendering judgment for the defendant and in holding that defendant was entitled to recover the land in controversy as additional land to section No. 78, block certificate 41, granted to the H., E. & W. T. Ry. Co.   Appellant's proposition is: "A person buying school land as additional to some other land must have title to the home or mother tract before they are entitled to buy."   Defendant holding under an award and sale by the Land Commissioner, the presumption was in favor of the validity of that officer's act until plaintiff affirmatively showed its invalidity.   No evidence was offered to show that defendant was not in fact owner of his home section at the time he applied.   The fact was sustained by the presumption.

The third assignment is that the court erred in giving judgment in favor of defendant because the evidence shows that the land was under lease at the time the defendant filed on the same and at the time it was awarded to him, and the evidence fails to show that the defendant was the assignee of lease No. 20,492 issued to W. S. Davis.   The evidence did show that West was the assignee of the lease at the time.

Appellant assigns as fundamental error the rendition of a judgment

in favor of appellee for the title and possession of the land, there being no affirmative pleading by the defendant. It has been held that when defendant's pleading is simply not guilty, the appropriate judgment is that plaintiff take nothing by his suit; still, the further adjudication of title in the defendant adds nothing to it, citing French v. Olive & Sternberg, 67 Texas, 400. We think an adjudication of the title and the right of possession would comprehend no more than is involved in an adjudication that plaintiff take nothing by his suit. But the judgment here goes still further and awards defendant a writ of possession. This appears to go beyond what was involved in the pleadings and ought not to be in the judgment. However, this matter was not called to the attention of the trial court, where doubtless it would have been remedied, and therefore the reformation of the judgment in this respect will not relieve appellant from being taxed with the costs of this appeal.

The above disposes of all the assignments of error and the judgment will be reformed and affirmed.

*Reformed and affirmed.*

Writ of error refused.