## BUDDE v. NAVARRO OIL CO.

### No. 10757.

Court of Civil Appeals of Texas.
Galveston.

Jan. 26, 1939.

Rehearing Denied March 8, 1939.

Lane, Kilday & McComb, of Houston, and McComb & Davis, of Conroe, for appellant.

Robert S. Durno, D. M. Gordon, Jr., and P. M. Chuoke, Jr., all of Houston, for appellee.

GRAVES, Justice.

This statement, made by appellant, plaintiff below, adopted as its own by the appellee, defendant below, is taken from the former's brief:

"Plaintiff's Second Amended Original Petition filed in the District Court of Harris County, Texas, alleges:

"That the defendant, Navarro Oil Company, a domestic private corporation, duly and legally incorporated under and by virtue of the laws of the State of Texas, with its principal place of business in the City of Houston, Harris County, Texas.

"That defendant by the various written contracts, leases and judgments set forth in the petition, agreed and promised and became bound and obligated to pay to plaintiff 40% of an over-riding royalty amounting to a 1/32 of all oil produced from a tract of land siutated in Montgomery County, Texas, described in said oil, gas and mining leases referred to in plaintiff's petition.

"That defendant, under authority of oil and gas leases executed by this plaintiff and his co-lessors to it, as lessee, covering said land, has drilled oil wells thereon which have produced and are still producing oil in large quantities, and although plaintiff is the owner of 40% of an over-riding royalty amounting to 1/32 of all oil produced from said land, defendant unlawfully took possession of said property and converted the same to his own use and benefit.

"That prior to the 15th day of November, 1933, the title to the above described tract of land was in dispute between Leo W. Budde, plaintiff herein, S. O. Shaffer and wife, M. D. Shaffer, and J. B. Brown and wife, Mary F. Brown. That on the 15th day of November, 1933, by decree of the District Court of Montgomery County, in Cause No. 17220, styled S. O. Shaffer v. J. B. Brown, it was ordered, adjudged and decreed that plaintiff herein, Leo W. Budde, be awarded an undivided two-fifths interest in and to the land above described against plaintiff, S. O. Shaffer, and against defendants, J. B. Brown and wife, Mary F. Brown, together with all the rights, privileges and appurtenances thereto belonging, or in anywise incident or appertaining, including the right to receive a corresponding proportion of all rents, royalties, bonus money, and/or money rentals due or thereafter to become due with respect to said land. That S. O. Shaffer and wife did not appeal, but J. B. Brown appealed from said decision to the Court of Civil Appeals for the Ninth Supreme Judicial District at Beaumont, Texas, and said judgment against him was reversed and remanded by said court, Brown v. Shaffer, 78 S.W.2d 1054. On the 29th day of May, 1935, in said Cause No. 17220, the District

1056

Court of Montgomery County, Texas, entered final judgment in said cause by agreement of all parties thereto, wherein it was ordered, adjudged and decreed by said court that S. O. Shaffer and wife, M. D. Shaffer, and Leo W. Budde, have and recover of and from J. B. Brown and wife, Mary F. Brown, an undivided one-half interest in and to all the oil, gas and other minerals of whatsoever kind and nature, in, under or upon the land above described. Said judgment further ordered, adjudged and decreed that the said S. O. Shaffer, M. D. Shaffer, and Leo W. Budde shall hold the interest decreed to them, 60% to the said Shaffer and wife, M. D. Shaffer, and 40% to Leo W. Budde. Said judgment was never appealed.

"That on the 1st day of May, 1935, plaintiff, together with S. O. Shaffer and M. D. Shaffer, entered into a contract with defendant, said contract being recorded in Vol. 180, page 163, of the Deed Records of Montgomery County, Texas, wherein it was provided, among other things, that all money received from any and every source, including from Navarro Oil Company, should be divided between them, 60% to Shaffer and 40% to plaintiff herein. Said contract provided that it was expressly agreed that the Shaffer interest was to be divided 60% to Shaffer and 40% to Budde. It was further provided in said contract that Shaffer and the interest represented by Shaffer (which was the interest of plaintiff) should have and receive during the productive life of said lease, a 1/32 royalty, effective as of May 1, 1935, in addition to the land-owner's 1/8 royalty. That thereafter a new lease dated May 1, 1935, was entered into between S. O. Shaffer, M. D. Shaffer, Leo W. Budde and others, as Lessors, and defendant herein, as Lessee, under the terms of which defendant promised to pay to S. O. Shaffer and wife, M. D. Shaffer, and their assigns, effective as of May 1, 1935, as a royalty, 1/32 part of the production from said land, if and when produced.

"That no money had been paid by defendant to S. O. Shaffer and M. D. Shaffer as a consideration for said lease or in payment of the 1/32 over-riding royalty, prior to the 1st day of May, 1935, and that from and after said date, defendant, through its agents, servants and employees, had actual notice of the 2/5 or 40% interest of plaintiff in said 1/32 over-riding royalty payment provided for in said lease contract.

"That by virtue of the contracts and judgment above referred to, defendant became bound and obligated itself to pay to plaintiff in addition to other royalties, 40% of a 1/32 part of the production from said land, subsequent to the 10th day of February, 1933, as and when produced, but though often demanded, defendant has failed and refused, and still refuses to pay to plaintiff the same or any part thereof, but has unlawfully taken possession of said property and converted the same to its own use and benefit. Plaintiff here alleges, upon information and belief, that the value of 40% of 1/32 of the oil produced by defendant and withheld from plaintiff is in excess of $3,000 as of the date of filing of this suit, and that defendant is continuing to produce oil from said land. And that by reason of the wrongful and unlawful taking and conversion of said property as aforesaid by defendant, plaintiff has sustained damages in said amount.

"Plaintiff prayed that defendant be cited to appear and answer this petition and for judgment that defendant be adjuged to pay the plaintiff 40% of 1/32 of all oil produced subsequent to the 10th day of February, 1933, and 40% of 1/32 of all oil produced in the future from said land according to the terms of said contracts and leases.

"Defendant filed its plea of privilege, which states:

"1. That this Court should not take further action or cognizance of this suit other than to have the same transferred to the court having jurisdiction of the subject matter.

"2. The defendant assigns as grounds therefor the following: This is a suit involving an interest in lands, and that said lands are located in Montgomery County in the State of Texas, as is more fully shown by plaintiff's petition.

"3. That this suit does not come within any of the exceptions provided by law in such cases authorizing this suit to be brought or maintained in Harris County, Texas, or elsewhere out of Montgomery County, Texas, the county in which said lands are located.

"Wherefore, the defendant prays that this cause be transferred to the District Court of Montgomery County, Texas, and for such orders as herein may be proper and necessary.

"Plaintiff, in due time and order, filed his demurrer as follows:

"Now comes plaintiff, Leo W. Budde, by his attorneys, and excepts to defendant's plea of privilege filed herein, and says that the same is insufficient in law to require him to controvert the same and should be overruled.

"Which demurrer was overruled by the Court."

The court thereupon heard the evidence offered by both sides, sustained the plea of privilege, and ordered the cause transferred to the district court of Montgomery County, reciting: "* * * wherein lies the land described in plaintiff's said first amended controverting affidavit, and the county having the venue as fixed by statute."

This appeal is regularly prosecuted from that decree.

The parties agreed at the trial that there are oil wells on the land described in the plaintiff's petition, that the land is being exploited for oil by defendant under a lease executed May 1, 1935, by Leo W. Budde, plaintiff, and others, that plaintiff has not been paid any money for the royalty asserted in his petition, which is payable to S. O. Shaffer and M. D. Shaffer and their assigns, that defendant is now operating under that lease, and that the land lies in Montgomery County, Texas. The contract plaintiff relies on was dated May 1, 1935, and was incorporated in the agreed-judgment entered in Cause No. 17,220 of the District Court of Montgomery County, on which plaintiff also relies, as a part of this contract.

In this court it is further mutually agreed that the character of the suit—as controlling the venue of it—is to be determined as a matter of law from the facts stated in the petition, which is the settled rule. Garrison v. Stokes, Tex.Civ.App., 151 S.W. 898, 43 Tex.Jur., par. 4, pages 704–708.

So construing this petition, it is held that the primary, dominant, and ultimate purpose of appellant's suit is to recover title to and possession of the royalty-interest he alleges he owns in land located in Montgomery County, both of which claimed rights therein he specifically avers the appellee denies and disputes, wherefore that his action is a suit "for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands", within the meaning of Subdivision 14 of R.S. Article 1995; in other words, to say the least of it, the petition shows on its face that the major objective was to secure the claimed 40% of the over-riding royalty-interest in the oil produced from the land, or secure an accounting for the value of it, which, in any event, constituted a profit issuing out of, hence was an interest in, the land itself.

Our courts have now definitely settled—this tribunal especially, in the recent Frost and Robinson cases, hereunder cited—that such an action must be brought in the county where the land lies, pursuant to Subdivision 14 of R.S. Article 1995; Elder v. Miller, Tex.Civ.App., 116 S.W.2d 1171; Frost v. Standard Oil Co. of Kansas, Tex. Civ.App., 107 S.W.2d 1037; Robinson v. O'Keefe, Tex.Civ.App., 107 S.W.2d 419.

It would be a superfluity to again go into the underlying reasons for these holdings, so that will be foreborne.

In the special circumstances appearing, the appellee's plea of privilege is considered to have been so clearly sufficient that detailed discussion of that matter also is omitted.

These conclusions require an affirmance of the appealed-from judgment; it will be so entered.

Affirmed.