**PICKLE et ux. v. WHITAKER et al**

No. 4654.

Court of Civil Appeals of Texas. El Paso.

July 13, 1949.

Rehearing Denied Sept. 21, 1949.

Edward C. Wade, El Paso, for appellants.

Hart Johnson, Ft. Stockton, for appellees.

PRICE, Chief Justice.

This is an appeal from the District Court of Pecos County, 112th Judicial District. Plaintiff J. F. Pickle, et ux, sued Mrs. W. C. Whitaker, wife of W. C. Whitaker, deceased, and others, the heirs of W. C. Whitaker, to recover a $7/8$ oil and gas leasehold estate of the West one-fourth ($1/4$) of the West one-fourth ($1/4$) of Section 27, Block 3, H. & T. C. Ry. Co. survey, Pecos County, Texas. Defendant plead not guilty, and by the way of cross-action sought to recover an undivided $4/32$ in said $7/8$ leasehold estate as overriding royalty interest in the existing oil and gas wells on the land, and a $2/32$ overriding royalty interest in future wells to be drilled thereon. Plaintiffs recovered the $7/8$ interest sought less a $4/32$ overriding royalty as to all gas and oil wells then producing on said premises, and a $2/32$ overriding royalty as to any future wells brought in on said premises. This royalty was awarded by the judgment to the defendants as cross-plaintiffs, and as heirs of W. C. Whitaker, deceased.

Plaintiffs have perfected this appeal. The plaintiffs in support of their title introduced in evidence an oil and gas lease by Hyden J. Eaton to J. F. Pickle and wife, purporting to grant a $7/8$ oil and gas lease on the premises here involved, and retaining a $1/8$ royalty. This instrument was dated June 25, 1940. It is recited therein

"Lessees herein accept this lease with full knowledge of prior oil and gas lease and royalty deeds made by lessor on the lands herein described as shown by the records of Pecos County, and in consideration of this lease agree to file within thirty days from the date hereof appropriate legal proceedings in the District Court of Pecos County, Texas, to cancel and annul said lease and deeds and to diligently and at Lessees' sole expense prosecute such proceeding. In the event lessees shall fail to so file and prosecute such proceedings or upon trial thereof shall fail to obtain judgment decree of said court cancelling and annulling said prior lease and deeds, this lease shall become null, void and of no effect, and shall be released to Lessor."

Defendants as cross-plaintiffs introduced in evidence a contract dated the 20th day of June, 1940 between J. F. Pickle and wife on one part and W. C. Whitaker on the other. This contract purports to have been executed in duplicate by the parties and same was duly acknowledged by each party thereto. It recites that J. F. Pickle contemplates acquiring an oil and gas lease from Hyden J. Eaton amounting to $28/32$ working interest on the 40 acre area herein involved, and there was an existing oil and gas lease of the premises in favor of Perrin & Whitaker, such lease being subject to forfeiture and cancellation by reason of the abandonment of the lease, further that W. C. Whitaker owns a $5/32$ working interest in said lease and has heretofore invested capital to the end of operating and developing said lease, and will if necessary assist in the cancellation and annulment of said existing lease. It further recites that said Pickle agrees in consideration of the foregoing that immediately upon the obtaining said oil and gas lease from Eaton, to convey and transfer to Whitaker a non-working interest in the said lease of $4/32$ as to the existing wells on the premises and $2/32$ non-working interest out of the lease to be acquired by Pickle as to any and all wells drilled in the future on the premises.

There was further introduced in evidence a judgment of the District Court of Pecos County in cause No. 979, dated the 6th day of May, 1941. In this judgment J. F. Pickle, his wife and Hyden J. Eaton were plaintiffs in judgment, and W. C. Whitaker and O. J. Perrin and a number of other parties claiming under them were defendants. The judgment decrees that the oil and gas lease made and entered into between Eaton on one part and W. C. Whitaker and O. J. Perrin on the other, dated the 14th day of Janary 1929, be cancelled and all assignments thereof made to any of certain named defendants be cancelled; that plaintiff J. F. Pickle and wife be quiet-

ed in their title and possession of the oil and gas lease thereon in favor of Pickle and wife from Hyden J. Eaton, and all clouds cast on the title to said land on account of said lease and assignments be removed. There was introduced in evidence the answer of W. C. Whitaker in cause No. 979 filed on January 8, 1941, which in effect amounted to a disclaimer by Whitaker of any interest in the lease sought to be cancelled, and admitted the forfeiture of rights of Lessees therein under the terms of their lease. Whitaker prays that the lease be cancelled. Said cause No. 979 was filed to the January 1941 term of the Pecos County District Court.

Appellants Pickle and wife rely on seven points of error. First, the court erred in refusing to permit plaintiff J. F. Pickle to testify that defendants' Exhibit 1, the alleged contract dated June 20, 1940, was in the file of H. M. Hankamer, who was plaintiff's attorney, and said attorney gave possession of said alleged contract to Ben F. Whitaker after the death of his father, W. C. Whitaker; in substance that any rights arising by virtue of this contract were barred by the four year Statute of Limitations; that the judgment in cause No. 979 adjudicated against defendants any rights they may have had under said contract; that the contract relied upon by defendants was invalid because same was without consideration; the evidence fails to show the existence of an enforceable trust in favor of the heirs of Whitaker.

The transcript fails to show by bill of exception the ruling complained of by point of error No. 1. The Statement of Facts shows that while plaintiff J. F. Pickle was on the stand he was asked if he heard Mr. Ben Whitaker's testimony as to obtaining the oil and gas lease from the file of Mr. Hankamer's office, he testified that Mr. Hankamer was a lawyer in El Paso, that he was Mr. Pickle's attorney when he started to clear up the title to that lease up there. He had a file of Mr. Pickle's papers in his office. Then he was asked

"Now this so-called contract that Mr. Whitaker has identified as defendants' Exhibit No. 1" (Referring to the contract relied upon by cross-plaintiffs) to which he answered

"Yes, sir, that was held in escrow." Whereupon counsel for defendants objected to witness testifying about that on the ground that under Art. 3716 Mr. Pickle is not qualified to testify about a transaction with Mr. W. C. Whitaker, deceased, whereupon counsel for the plaintiff stated:

"This testimony is in answer to testimony by Mr. Ben F. Whitaker that he found this instrument in the file of Harold M. Hankamer, that Mr. Hankamer delivered it to him, and that he himself put it on record. Now the purpose of this examination is to determine how came it in that file, and how Mr. Hankamer was in possession, and not to show something that transpired prior to the death of Mr. Whitaker. I can not see that we can not go into this transaction. He said that this man was his father's attorney, which brings up a question of a transaction before his father died, to-wit, whether he was his father's attorney and it seems to me on the same basis we are entitled to explain the relationship of Mr. Hankamer and Mr. Whitaker about what the paper was doing in that file, therefore we think the objection is without merit." The court ruled:

"The objection is sustained." We take it that the objection was sustained to the witness's statement that the contract was held in escrow. Counsel for the plaintiff then stated:

"Note our exception. I am offering to prove by this witness that this so-called contract identified as Exhibit No. 1 was in the file of Mr. Harold M. Hankamer after Mr. Whitaker died, and that Mr. Hankamer was retained as attorney for this witness and that this paper was not delivered to Mr. Whitaker, deceased, but was delivered by this attorney to this plaintiff Ben F. Whitaker, after W. C. Whitaker passed away. The court denies the offer and the plaintiff excepts to the ruling of the court."

The court had made no ruling as to this matter other than the one recited above. Now of course the transaction, if

there was such, by which Harold Hankamer became the attorney of J. F. Pickle was not a transaction between Pickle and Whitaker, it was a transaction between Pickle and Hankamer. If the deceased Whitaker could not have testified to the facts showing that the relationship was not created between Pickle and Hankamer, it was not a transaction with deceased. Pickle, however, was permitted to testify that Hankamer was his attorney. Ben Whitaker, who seems to have acted for the other claimants, testified that he received the paper from Harold Hankamer, who had represented his father, and he took it from his office file of his father's papers.

It is clear that any agreement consummated personally between W. C. Whitaker, deceased, and J. F. Pickle, whereby it is agreed the contract should be held in escrow, would be a transaction with deceased.

It might be another matter had Hankamer, acting for Whitaker, consummated an agreement whereby the contract was to be held in escrow. There is no such avowal by plaintiff that he could so prove. Further, Pickle's attorney could not hold in escrow a contract for his client. In an escrow the paper passes out of the control of the maker. So long as it is in the possession and control of the attorney of the maker it remains subject to the control of the maker.

30 C.J.S., Escrows, § 7(d) page 202.

It will be observed that the contract relied upon by defendants recites that same was executed in duplicate original. It was natural and not out of the ordinary that one of the duplicates should remain under the control of J. F. Pickle, and the other under the control and in the possession of W. C. Whitaker or his agent. In our opinion the court did not commit error in sustaining the objection insofar as same was sustained. The fact that J. F. Pickle or his agent had in his possession one of the duplicate originals of this contract would have no probative force to show that the contract had not been delivered. As has been said, this would be the appropriate and proper place for it if it had

been delivered. The point of error as made is overruled.

Points Nos. 1 and 2 in substance present the same matters. It is urged that cross-plaintiffs' right under the contract of their ancestor was barred by the four year Statute of Limitations. This would be true if the contract in question and its performance created only an equitable right as distinguished from an equitable title.

Where a vendee has performed and delivered the consideration entitling him to a conveyance, an equitable title is created. Vendee is entitled to recover on the title so created, and the court will so decree and the remedy of specific performance is unnecessary and is not awarded. Secrest v. Jones, 21 Tex. 121–124; Stafford v. Stafford, 96 Tex. 106, 70 S.W. 75; Johnson v. Wood, 138 Tex. 106, 157 S.W.2d 146; An equitable title is the present right to the legal title. Tanner v. Imle, Tex.Civ. App., 253 S.W. 665.

In our opinion it was a question for the trial court to determine as to performance by W. C. Whitaker. It was provided by the contract if necessary Whitaker would assist in the cancellation and annulment of the lease. W. C. Whitaker in the suit to quiet title to Pickle's oil lease from Eaton sought and agreed to the cancellation of his prior lease. It was practically a disclaimer of any interests in the premises. It is thought that the disclaimer of any interest under the old lease by his answer constitutes sufficient performance of the contract. In any event was sufficient to support a finding to that effect. This also disposes of the point that the contract was unenforceable on account of lack of consideration. Whitaker bound himself not to resist the cancellation of any rights he may have had under the lease of 1929. Appellant Pickle's lease was terminated if he could not by judicial decree obtain the cancellation of this old lease. W. C. Whitaker may not have had any valid defense to the suit for the cancellation of the lease by Eaton and those claiming under him, but he was in no way legally bound to assist in obtaining

the cancellation of the suit. As promised, he did not resist the cancellation suit, and we think the filing of his answer in effect disclaiming title constituted cooperation as provided in his contract with Pickle.

■ Appellees asserted here an equitable title, hence the four year Statute of Limitations, Vernon's Ann.Civ.St. art. 5531, was not applicable. Stafford v. Stafford, supra; MacDonald v. Follett, 142 Tex. 616, 180 S.W.2d 334.

■ The point of error that the decree clearing the title of Eaton, appellant, in decreeing a recovery against appellees' ancestor bars the right of appellees under the doctrine of res adjudicata is thought to be without merit. The very object of the suit was to cancel all rights under the old lease, in fact appellants' new lease was ultimately conditioned upon obtaining the very decree plead as res adjudicata. The consideration for appellees' interest in the new lease under which the Pickles claim was assistance on the part of appellees' ancestor in cancelling the old lease. In truth and in fact, until this had been done, appellees' ancestor W. C. Whitaker had no right to the overriding royalty provided for in the contract between him and the Pickles.

■ The point of error in substance that the conduct of appellees' ancestor was inequitable and hence on account thereof appellees were not entitled to recover under the contract, is without merit. W. C. Whitaker seems to in every way have cooperated with the Pickles in clearing their title to the lease from Eaton. There was nothing inequitable in this. The contract recites that W. C. Whitaker had to an extent at least developed the lease. There was a producing well thereon, of which appellants received the benefit. There is no evidence that W. C. Whitaker sought to assert any false claims to this property. The evidence is sufficient to sustain a finding that he performed his agreement to assist appellants in clearing their title.

Reversible error does not appear from the record and it is ordered that the judgment of the trial court be in all things affirmed.