RUDMAN v. CHANDLER et al.

No. 12513.

Court of Civil Appeals of Texas.
San Antonio.
Feb. 18, 1953.

Lasseter, Spruiell, Lowry, Potter & Lasater, Tyler, for appellant.

Sidney P. Chandler, Austin, for appellee.

POPE, Justice.

This is an appeal from an order overruling appellant's plea of privilege to be sued in the county of his residence. The case concerns Section 14 of Article 1995, Vernon's Ann.Civ.Stats., and more particularly whether the pleadings assert a suit for relief by way of specific performance or one for the determination of equitable title.

Appellees, M. H. Chandler and Sidney P. Chandler, in their first amended original petition, by a suit in trespass to try title, alleged that they were the owners in fee simple of ¾ of the mineral interest in an oil and gas lease, subject to a ½0 overriding interest in 279.72 acres of described lands. They sued for title, possession and damages. Alternatively they alleged that the appellant, Rudman, and the Petroleum Reserve Corporation of Dallas, acting by its agent, on December 8, 1948, sold and agreed to assign to the appellees, a ¾ mineral interest, less ⁹⁄₂₀ overriding interest in a leasehold interest in the 279.72 acres of land. Appellees alleged further that they fully complied with the contract of purchase by virtue of which they became the owners of the superior equitable title to the mineral interest, but that the Petroleum Reserve Corporation of Dallas assigned the mineral interest to appellant, Rudman. Pleading further in the alternative, appellees alleged that appellant, Rudman, acting through his agent, on March 19, 1950, contracted to assign to appellees 200 acres out of a described oil and gas lease upon the appellees' indemnifying him against all claims arising out of any action for non-development or drainage of the lease. Appellees asserted further that they fully performed that contract by executing and delivering a written indemnity agreement which the appellant accepted and retained. And, still pleading alternatively, appellees alleged that on October 23, 1951, appellant, Rudman, agreed to assign appellees the legal title to 200 acres, they already owning the superior equitable title, upon appellees' execution of an additional indemnity agreement. Appellees alleged that they executed the second indemnity agreement and delivered it to appellant, who accepted and retained it, but still refused to assign to appellees the 200 described acres, by force of which appellees were damaged, their title clouded and development of the lease prevented. Appellees sought a judgment for title and possession of the described lease, removal of cloud from their title, recovery of damages, and for general relief. Appellees alleged full and complete performance and payment of the total consideration for the land; there was no prayer for specific performance.

Appellant's residence is in Smith County, to which he seeks to remove the suit. The land is admittedly located in San Patricio County where the suit was filed. Appellant, Rudman, contends that the trial court erred in holding that exception 14 of Article 1995 controlled this case, and reasons that the suit is primarily one for the enforcement of an equitable right by way of specific performance, which is an

in personam action with venue in the county of the appellant's residence. Appellees deny the suit is primarily one for specific performance, but reason that it asserts their superior equitable title, and is one for the recovery of "lands or damages thereto, * * * or to quiet the title to land * * *" under the provisions of Art. 1995, § 14.

We construe the petition as one which states a suit to recover land rather than one for specific performance. The Supreme Court in Magee v. Young, 145 Tex. 485, 198 S.W.2d 883, 886, recognized and stated the difference between the two kinds of suits, saying:

"* * * In the Mondragon case [Mondragon v. Mondragon] (113 Tex. 404, 257 S.W. 215) it was held that a receipt for purchase money was as respects the rights of the grantee an executed contract to convey, and that, as such, it vested an equitable title in the grantee superior to the grantor's legal title. That is in accord with the general rule that performance by the vendee in a contract to convey vests the equitable title in him."

Olive-Sternenberg Lumber Co. v. Gordon, 138 Tex. 459, 159 S.W.2d 845, 847, had previously held:

"We recognize that a bond for title with the consideration fully paid may constitute an equitable title such as will support an action in trespass to try title."

Johnson v. Wood, 138 Tex. 106, 157 S. W.2d 146, 148 (Com.App.), stated with reference to the legal consequences of certain jury findings:

"According to those findings Johnson had paid the purchase price and fully performed his obligations under the contract before Wood sought to cancel same. Upon such performance he became vested with an equitable title to the property sufficient to enable him to maintain his action in trespass to try title, as to which action the statute of limitation above referred to governing suits for specific performance is not applicable. It is not

claimed that any other limitation statute is applicable. So long as Johnson had not performed his covenants by the payment of the purchase price, he had but an equitable right, but upon his performance that right ripened into an equitable title superior to that of Wood. An equitable title, as distinguished from a mere equitable right, will support an action of trespass to try title."

And in Carstairs v. Bomar, 119 Tex. 364, 29 S.W.2d 334, the Commission of Appeals held that Section 14 applied, because the primary purpose of the suit was the enforcement of an equitable title. The petition in that case asserted that a decedent had, for a valuable consideration, promised to devise his property to plaintiff, and that the plaintiff had fully performed and paid a valuable consideration as agreed upon.

Hearst's Heirs v. Kuykendall's Heirs, 16 Tex. 327, very early delineated the difference between a suit to compel specific performance and a suit to recover lands:

"To secure title deeds to land is one thing; to recover the land itself is another; and as the former is generally and mainly the object of a suit by vendee for the specific performance of a contract for the sale of land, it is apparent that the action does not come within the scope of a provision, the operation of which is restricted to suits for the recovery of the land."

Many other authorities support the distinction between land suits and to remove cloud on the one hand and specific performance suits on the other. Case-Pomeroy Oil Corp. v. Pure Oil Co., Tex.Civ.App., 245 S.W.2d 763; Texan Development Co. v. Hodges, Tex.Civ.App., 237 S.W.2d 436; Pickle v. Whitaker, Tex.Civ.App., 224 S.W. 2d 741, 745; Mecom v. Gallagher, Tex.Civ. App., 192 S.W.2d 804; Armington v. Gilcrease Oil Co., Tex.Civ.App., 190 S.W.2d 587, 596; Pegues v. Moss, Tex.Civ.App., 140 S.W.2d 461, 471; Humble Oil & Refining Co. v. Monroe, Tex.Civ.App., 129 S.W.2d 454; Budde v. Navarro Oil Co., Tex.Civ.App., 125 S.W.2d 1055; Robinson v. O'Keefe, Tex.Civ.App., 107 S.W.2d 419; Black v. Black, Tex.Civ.App., 82 S.W.2d

1073; Tanner v. Imle, Tex.Civ.App., 253 S.W. 665; McKee v. West, 55 Tex.Civ.App. 460, 118 S.W. 1135; Neyland v. Ward, 22 Tex.Civ.App. 369, 54 S.W. 604.

The authorities relied upon by appellant do not conflict with those set out above. In those cases the courts found that the main purpose revealed by the petition was for specific performance by reason of the allegations and special prayer or because the allegations failed to allege full and complete payment or performance on the part of a promisee. Smith v. Hall, 147 Tex. 634, 219 S.W.2d 441; Caven v. Hill, 83 Tex. 73, 18 S.W. 323; Allison v. Yarbrough, Tex.Civ.App., 228 S.W.2d 930; O'Quinn v. Dunagan, Tex.Civ.App., 227 S.W.2d 366; Gates v. Coquat, Tex.Civ.App., 210 S.W.2d 614; Garrison v. Stokes, Tex.Civ.App., 151 S.W. 898; Burkitt v. Wynne, 62 Tex.Civ.App. 560, 132 S.W. 816.

The order of the trial court is affirmed.