### KNOX v. REDUS et al.  (No. 7674.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 26, 1927.)

**Venue �köö2l—Suit to cancel lease, for damages, and to enjoin defendant from entering upon land held removable to county of defendant's residence.**

Suit to cancel lease in respect to oil land, and for damages, and to enjoin defendant from entering upon land was suit purely of a personal nature, to be transferred to county of defendant's residence, where plea of privilege was filed.

Appeal from District Court, Medina County; L. J. Brucks, Judge.

Suit by J. O. Redus and another against W. C. Knox, in which defendant filed plea of privilege. From a judgment overruling his plea of privilege, defendant appeals. Reversed and remanded, with instructions.

Cofer & Cofer, of Austin, for appellant.

David C. Brown and Briscoe & Morris, all of Devine, for appellees.

COBBS, J.   Appellees sued appellant in Medina county for an injunction. Appellant pleaded his privilege to be sued in Travis county, where he resided and in which he had his domicile. The court granted an interlocutory order and overruled appellant's plea of privilege.

This suit was brought in the district court of Medina county by J. O. Redus and J. R. Howard, appellees, against W. C. Knox, appellant.

The original petition alleges:

That the appellees are residents of Medina county and that appellant, W. C. Knox, is "alleged to be a resident of Travis county, Tex., and a some time temporary resident of Bexar and Medina counties, Tex.

"That plaintiffs on and prior to the 19th day of February, A. D. 1926, were and still are seized and possessed in fee simple of certain described lands lying in Medina county, Tex.

"That plaintiffs entered into a contract with defendant, Knox, and one George L. Green, whereby plaintiffs agreed to deliver to the said Knox and Green oil and gas leases upon the land described in the petition. That said contract provided for the delivery of said leases upon the performance of certain conditions. That the defendant and the said Green had wholly failed to comply with said contract, and that the failure of the said Knox and Green to comply with and perform the conditions of said contract avoided said contract, and said contract wholly failed and was of no force and effect, and same had terminated and expired.

"That, nevertheless, after the termination and expiration of the contract aforesaid, defendant, W. C. Knox, was asserting and attempting to assert some right of entrance and occupancy in and upon the aforesaid lands of the plaintiffs; and that defendant was attempting to commence drilling upon said land, and continued to move upon said lands in a mischievous and malicious manner, and that unless prevented he would so continue to the irreparable injury of the plaintiffs.

"That by reason of the assertions, threats, and actions of defendant, plaintiffs are prevented and restrained from securing development of said lands in good faith for the bona fide exploration thereof, with intent to produce oil and gas therefrom in paying quantities, and under expert management, to their damage in the sum of $50 an acre of said land, aggregating damages of $40,000."

The petition ends with a prayer for mandatory and restraining injunction, restraining defendant and his representatives from further entering upon said land, or remaining upon same, or molesting same in any manner whatsoever, and for damages and costs.

The petition was presented to the late Hon. R. H. Burney, former judge of the district court of Medina county, in chambers, and he entered his fiat on the petition, granting a temporary injunction on the 25th day of March, A. D. 1926.

On the 1st day of April, A. D. 1926, in due time, defendant filed his plea of privilege to be sued in Travis county, in due form of law.

On April 20, 1926, plaintiffs filed their controverting plea, and alleged the following grounds to sustain venue and jurisdiction of the court:

"First. That the defendant, W. C. Knox, is a single man, and has been boarding next preceding the commencement of this cause of action in the counties of Bexar and Medina.

"Second. That the contract upon which this cause of action arose, and which was executed by defendant, states specifically that defendant's residence was Bexar county, and not Travis county.

"Third. The foundation of this suit is based upon a trespass which was committed and was attempted to be committed in Medina county, and not Travis county, and is not an omission of duty, but a commission of trespass.

"Fourth. This suit is based upon a breach of contract, which contract was in writing and to be performed in Medina county.

"Fifth. This suit is to prevent and stay waste on the lands which are described in said contract between plaintiffs and defendant; said lands lying in Medina county, Tex.

"Sixth. Specially answering herein, if same be necessary, the plaintiffs deny all and singular the allegations of the defendant's plea of privilege, and demand strict proof of same."

Defendant answered said controverting plea with a general demurrer and general denial.

The hearing was had before the court on the 28th day of April, A. D. 1926. The court overruled defendant's demurrer and upon a hearing overruled the plea of privilege.

There is nothing alleged or shown that conferred upon the district court of Medina county the right to require the appellant, against his will, to answer and defend in that jurisdiction.

The proof showed appellant to be a resident of Travis county, and not of Medina county, and being purely a suit for injunction, the venue was fixed in appellant's residence and county. It was a suit purely of a personal nature. It was to cancel a lease in respect to oil land and for damages, and was not based upon a trespass committed or attempted to be committed in Medina county, nor upon a contract in writing to be performed in that county, nor to prevent and stay waste on lands lying in Medina county. It was not alleged or shown that any of the exceptions of the exclusive venue statute, permitting the defendant to be sued in Medina county, applied.

The judgment is therefore reversed and the cause remanded to the district court of Travis county for trial, and the clerk of the district court of Medina county is instructed and ordered to forward to the clerk of the

district court of Travis county the papers in said suit, with a proper certificate, in accordance with the rule of practice in such cases.