## WILLIAMS v. DOERING.
### No. 7474.

Court of Civil Appeals of Texas. Austin.
May 21, 1930.

894

Wm. H. Flippen and Jno. W. Miller, both of Dallas, for appellant.

H. E. Spafford and Leslie Jackson, both of Dallas, for appellee.

BLAIR, J.

This appeal is from an order overruling appellant's plea of privilege to be sued in Midland county, his domicile. Venue was sustained in Dallas county under subdivision 5 of article 1995, Rev. St. 1925, on the ground that appellee's suit was one for breach of a written contract performable in that county, and the sole question presented is a construction of the contract to determine whether the portion thereof sought to be enforced by this suit is performable in Dallas county.

By the written contract, appellee, trading as Southern Pipe Organ Company, sold appellant a new pipe organ on the following terms:

"1 Wicks two manual Pipe Organ 6 complete sets of pipes, chimes, and xylophones motor and blower ......................... $6,500.00

"To be divided to fit organ chambers, 10% added................ 650.00
——————
$7,150.00

"Less allowance for your Wicks organ now installed in Palace Theatre ...................... 2,500.00
——————
$4,650.00

"Ship via freight. Ship to W. H. Williams, Midland, Texas. For which I agree to pay $1050.00 with order, balance to be paid 36 notes of $100.00 each. Draft through First National Bank.

"All invoices covered by this order, or any additional purchases, are payable at the offices of the Southern Pipe Organ Company, Dallas, Texas."

Appellee alleged, both in his petition and controverting affidavit, in answer to the plea of privilege, that appellant failed and refused

upon request to deliver to him at Dallas, Tex., the old organ as provided in the contract, to his damages in the sum of $2,500, the agreed value of the old organ; and that by the terms of the contract all payments due as consideration for the new organ, the old organ being a part thereof, at the agreed value of $2,500, were payable at Dallas, Tex.

■ We have reached the conclusion that the contract neither expressly nor impliedly · provided that appellant was. to deliver the trade-in organ to appellee at Dallas, Tex., which is the only portion of the contract involved in this suit. It is true that a part of the contract was performable in Dallas, that is, payment of the cash consideration, the notes given as part consideration, and "all invoices covered by this order, or any additional purchases." But these portions of the contract are not involved in this suit. Clearly the old trade-in organ was not a purchase by appellant nor an invoice covered by the order. It became the property of appellee on the consummation of the sale of the new organ, and the contract is silent as to where it should be delivered to appellee; and the law is settled that where a written contract does not stipulate that a particular obligation sued upon is performable in the county where the suit is brought, but only provides for performance of matters not involved in the suit in such county, venue for such suit cannot be there fixed under subdivision 5 of article 1995, allowing actions for breach of contract to be brought in other than the defendant's residence or domicile. Lyon v. Gray (Tex. Civ. App.) 265 S. W. 1094; Wrenn v. Brooks (Tex. Civ. App.) 257 S. W. 299, and cases there cited.

And when the contract is construed in the light of appellee's testimony, it is plain that the parties never intended to stipulate for the delivery of the old organ to appellee at Dallas. He testified: "It was not my intention to pack up the Wicks organ out at Midland and ship it back to Dallas, as we had another point to ship it to. I expected to ship it to another point and it wasn't in Dallas county, Texas."

■■ Appellee contends that the contract speaks for itself and is very clear that the old organ was to be shipped to appellee at Dallas, Tex., and that the mere fact that appellee intended at all times to have it shipped to some other point could not be urged against the clear provisions of the contract to ship it to Dallas. We do not take this view of the contract nor of appellee's testimony. The contract makes no provision as to where the old organ is to be delivered, and appellee's testimony that he never at any time intended that it should be shipped to Dallas is conclusive of the fact that he did not intend by any language of the contract to bind appellant to

ship the old organ to him at Dallas, but simply left the matter of delivery of the old organ open and subject to his order. At most, a very doubtful and strained construction would have to be placed upon the language that "all invoices covered by this order * * * are payable at * * * Dallas, Texas," to hold that the parties intended, under the circumstances surrounding the execution of the contract, to provide that the old organ was to be delivered to appellee at Dallas, Tex., and it is a settled rule that where there is doubt or ambiguity as to where a contract is performable and a question of venue arises, the contract will be construed in favor of the plea of privilege. Birge v. Lovelady (Tex. Civ. App.) 145 S. W. 1194; Durango Land & Timber Co. v. Shaw (Tex. Civ. App.) 165 S. W. 490; Bledsoe v. Barber (Tex. Civ. App.) 220 S. W. 369; Ryan v. Johnson (Tex. Civ. App.) 284 S. W. 652; Southwestern Surgical Supply Co. v. Scarborough (Tex. Civ. App.) 15 S.W.(2d) 65.

We therefore reverse the order of the trial court overruling the plea of privilege, and remand the cause, with instruction to the trial court to transfer same in accordance with appellant's plea of privilege.

Reversed and remanded, with instruction.