**LOCKETT et al. v. SHAW et ux.**

**No. 10449.**

Court of Civil Appeals of Texas.
Galveston.

June 10, 1937.

Geo. L. Huffman, of Marshall, for appellants.

GRAVES, Justice.

This appeal is from a judgment of the district court of Houston county overruling the pleas of privilege of the appellants for the transfer to Harrison county—where they resided—of the venue of a suit the appellees had filed against them in Houston county, seeking damages for the alleged breach of a written contract whereby appellants had agreed to purchase an oil lease on land located in Houston county.

Although the contract between the parties was in writing, plain and unambiguous, and neither contained any statement as to the place of its performance by appellants, nor any from which that could be ascertained by extraneous evidence, the learned trial court conceived the question of venue involved to be dependent upon a fact finding of whether or not the money mentioned therein was to be paid by appellants to the appellees in Houston county, submitting that inquiry to the jury; on its answering "Yes," the judgment denying the properly presented pleas of privilege followed.

This action was error; in the first place, it was the exclusive province of the court itself to interpret the written contract upon which the suit was founded, rather than to so submit its construction to the jury, and since on its face it plainly contained no agreement upon appellants' part to pay the money mentioned therein in Houston county, the cause should not have been submitted to the jury at all. 64 Corpus Juris, pp. 361, 362; United Brotherhood v.

Luck (Tex.Civ.App.) 189 S.W. 1036; United Fidelity Life Ins. Co. v. Fowler (Tex. Civ.App.) 38 S.W.(2d) 128, 129; Chapman v. Head (Tex.Civ.App.) 279 S.W. 906.

In the second place, the suit upon the contract, being solely one for recovery of damages in money for an alleged breach of the agreement to purchase the lease on the land in Houston county, was plainly one in personam only, in no way involving the title or damage to the real estate, consequently it did not come within the exception requiring it to be brought in the county where the land lay, instead of in that of the residence of the appellants. Compton v. Elliott, 126 Tex. 232, 88 S.W.(2d) 91; Lucas v. Patton, 49 Tex.Civ.App. 62, 107 S.W. 1143; Knox v. Redus (Tex.Civ.App.) 290 S.W. 823; Burkitt v. Wynne, 62 Tex.Civ. App. 560, 132 S.W. 816; Gulf, C. & S. F. Railway Co. v. Foster (Tex.Civ.App.) 44 S.W. 198; Parsons v. Hunt, 98 Tex. 420, 426, 84 S.W. 644; Miller v. Rusk, 17 Tex. 170; Cavin v. Hill, 83 Tex. 73, 74, 18 S.W. 323; Strange v. General Motors Accep. Corp. (Tex.Civ.App.) 2 S.W.(2d) 255; Cities Service Oil Co. v. Brown, 119 Tex. 242, 27 S.W.(2d) 115.

The judgment will be reversed and the cause remanded, with instructions to the trial court to sustain the pleas of privilege and transfer the venue to the district court of Harrison county.

Reversed and remanded, with instructions.