

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Wayne Lefeure
County Auditor
Clay County
Henrietta, Texas

Dear Sir:

Opinion No. O-5519

Re: May the Commissioners Court
of Clay County make advance
payments to the Tax Assessor-
Collector and his deputy from
the General Fund of Clay County,
under the given facts?

Your letter of August 9, 1943, requesting an opinion
of this department presents the above question in language as
follows:

"Please advise me if the Commissioners
Court of Clay County may pay to the Tax-
Assessor-Collector of Clay County $200.00
per month and the Tax-Collectors deputy an
amount of $125.00 per month from the General
Fund of Clay County, these payments to be
made as an advancement for, and to be re-
turned when the Tax-Assessor-Collector col-
lects taxes, same to be paid back to the
County from the first money collected in
October, which are his fees of office."

Article 3937, Vernon's Annotated Civil Statutes, in
part, provides:

"Each Assessor of taxes shall receive the
following compensation for his services which
shall be estimated on the total value of the
property assessed as follows: For assessing
the State and County Taxes on all sums for the
first Two Million Dollars ($2,000,000.00)

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Wayne Lefeure, page 2

or less, five (5) cents for each One Hundred Dollars ($100.00) of property assessed. On all sums in excess of Two Million Dollars ($2,000,000.00) and less, than Five Million Dollars ($5,000,000.00), two and one-half (2½) cents on each One Hundred Dollars ($100.00), and on all sums in excess of Five Million Dollars ($5,000,000.00), two and one-fourth (2¼) cents on each One Hundred Dollars ($100.00), provided, that in counties in which the population does not exceed twelve thousand, five hundred (12,500) inhabitants, the Assessor shall receive on all sums for the first Four Million Dollars ($4,000,000.00), the sum of five (5) cents for each One Hundred Dollars ($100.00), and on all sums above such amount the fee shall be as above stated, one-half of the above compensation shall be paid by the State and one-half by the County; for assessing the taxes on all drainage districts, road districts, or other political subdivisions of the county, the Assessor shall be paid three-fifths of one cent for each One Hundred Dollars ($100.00) of the assessed value of such districts or subdivisions.

". . . The Commissioners Court shall allow the Assessor of taxes such sums of money to be paid monthly from the County Treasury as may be necessary to pay for clerical work, taking assessments and making out the tax rolls of the county, but such sums so allowed to be deducted from the amount allowed to the Assessor as compensation upon the completion of said Tax rolls provided the amount allowed the Assessor by the Commissioners Court shall not exceed the compensation that may be due by the county to him for assessing.

". . .

"Sec. 2. It is not the purpose of this Act to change the salary of Tax Assessors as now fixed by law."

Article 7181a, Vernon's Annotated Civil Statutes, provides:

"Hereafter, whenever the words 'Assessor,' 'Assessor of Taxes,' 'Collector,' 'Collector of Taxes,' or 'Tax Collector' are used, either in Articles 7181 to 7359, inclusive, of Title 122 of the 1925 Revised Civil Statutes of Texas,

Honorable Wayne Lefeure, page 3

> including all amendments thereto, as well as the Revised Code of 1925, including all amendment, being known as the 1925 Revised Civil Statutes of Texas, same shall be applicable to and mean the one office or officer of Assessor and Collector of Taxes, and shall be so construed as to accomplish the object and intent and carry out the purpose of Sections 14 and 16 of Article 8, of the Texas Constitution, as the same was amended on November 8, 1932. Acts 1933, 43rd Leg., p. 598, ch. 197, §5."

The population of Clay County is less than 20,000 inhabitants according to the last federal census. It is apparent from the foregoing fact and your letter of request, therefore, that the Tax Assessor-Collector of Clay County is compensated on a fee basis.

The only authority we are able to find authorizing the Commissioners Court to make advancements to the Tax Assessor-Collector of Clay County as compensation is contained in the above-quoted statute. This statute expressly requires the Commissioners Court to allow such officer such sums of money, paid monthly from the County Treasury, as may be necessary "to pay for clerical work, taking assessments and making out the tax rolls of the county."

It will be seen, therefore, that such sums authorized to be allowed as advancement are measured strictly by the officer's duties in connection with his work as Assessor, including the necessary clerical work, taking assessments and making out the tax rolls of the county and may not exceed the amounts which may be due him by the county for assessing under the herein-quoted provisions of Article 3937.

Since the Commissioners Court is unauthorized to allow the Tax Assessor-Collector a different compensation from that fixed by Article 3937 supra, we think it advisable to point out that any excess of the amount authorized by the statute would be void and not collectible from the sureties on the officer's bond. Steusoff vs. Liberty County, 34 S. W. (2d) 643; Jeff Davis County vs. Davis, 192 S. W. 291; Robinson vs. Wichita County, 106 S. W. (2d) 768.

Honorable Wayne Lefeure, page 4


        Categorically answering your request, therefore, it is the opinion of this department that the Commissioners Court may allow to the Tax Assessor-Collector of Clay County only such sums of money, to be paid monthly from the County Treasury, as may be necessary to pay for clerical work, taking assessments and making out the tax rolls of the county. Such allowance being an advancement, shall not exceed the compensation as may be due him under Article 3937, Vernon's Annotated Civil Statutes, for assessing and is to be deducted therefrom upon the completion of said tax rolls by the officer.


                       Yours very truly

                     ATTORNEY GENERAL OF TEXAS

By

                          Wm. J. R. King
                            Assistant

WJRK/JCP


APPROVED AUG 25, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN