## GATES v. COQUAT.

### No. 11807.

Court of Civil Appeals of Texas.
San Antonio.

March 24, 1948.

Rehearing Denied April 21, 1948.

Mann & Mandel, of Laredo, for appellant.

M. A. Childers, and John J. Cox, both of San Antonio, for appellee.

SMITH, Chief Justice.

This is an appeal from an order sustaining a plea of privilege and changing the venue of this case to Live Oak County, the residence of the defendant, Henderson Coquat. A. E. Gates, the plaintiff, has appealed.

The question presented is whether or not the petition stated a cause of action for the recovery of land under exception 14 of Article 1995, Vernon's Ann.Civ. Stats.

It has been held that the interest of the cestui que trust under a constructive trust is an equitable title upon which an action in trespass to try title may be maintained. Binford v. Snyder, 144 Tex. 134, 189 S.W.2d 471; Hall v. Miller Tex.Civ. App., 147 S.W.2d 266. On the other hand, a suit based upon an equitable right, such as a suit for reformation of a written instrument, or for specific performance of a contract, is not a suit for the recovery of land within the provisions of Exception 14. Garrison v. Stokes, Tex.Civ.App., 151 S.W. 898; Lockett v. Shaw, Tex.Civ.App., 106 S.W.2d 768. Also, it should be borne in mind that a constructive trust is a remedial device which is raised by an equity court so as to get at a wrongdoer. In the absence of a compelling equity, the court will not raise a constructive trust.

From appellant's petition in this case, it appears that Mrs. Francisca Q. Ortiz

was the owner of the Apache Ranch in Webb County, containing some 23,000 acres. This ranch was for sale, and appellant, A. E. Gates, was interested in buying six surveys in the northern portion of the ranch—about 3,487 acres. Appellee, Henderson Coquat, wished to purchase the entire ranch. Coquat's agent, J. H. Compton, wrote a letter to Gates in which he suggested that Gates desist in his efforts to buy a part of the ranch, as the writer was "quite sure that the entire tract can be bought at a less figure than by division." This letter, an exhibit to the petition, further stated that if Gates did not attempt to compete, Coquat would convey to Gates the north part of the ranch in which he was interested, at the same price per acre that he Coquat, had to pay therefor. In this letter it was also said that "Mr. Coquat would want to work out with you (Gates) an oil lease."

The petition alleged that Gates relied upon this letter and ceased his efforts to purchase the north surveys of the ranch; that Coquat purchased all of the Apache Ranch from Mrs. Ortiz for eight dollars per acre; that Gates tendered the sum of $27,896 ($8 per acre), to Coquat for the north six surveys, but that said offer had been refused. The petition concluded as follows:

"That plaintiff hereby tenders into court the amount of $27,896.00, being the total amount of the purchase price of said land at $8.00 per acre as agreed on. Plaintiff also alleges that he will, in order to do complete equity herein, attempt to work out with defendant the oil lease mentioned in said Exhibit 'A' and in this connection that he offered to do so at the time he demanded performance by defendant as above alleged.

"Wherefore plaintiff prays that defendant be cited to appear herein, and that on a hearing of the merits hereof defendant be ordered to perform said contract by conveying said 6 surveys by general warranty deed, and that plaintiff go hence without day, with his costs and for such other relief, general and special, as he may be entitled to."

There are no set and rigid rules as to constructive trusts. Pomeroy states that;

"Equity has followed the true principle of contriving its remedies so that they shall correspond both to the primary rights of the injured party, and to the wrong by which that right has been violated. It has, therefore, never placed any limits to the remedies which it can grant, either with respect to their substance, their form, or their extent; but has always preserved the elements of flexibility and expansiveness, so that new ones may be invented, or old ones modified, in order to meet the requirements of every case, and to satisfy the needs of a progressive social condition, in which new primary rights and duties are constantly arising, and new kinds of wrongs are constantly committed." 1 Pomeroy, Equity Jurisprudence, 5th Ed., 143, § 111.

In Beatty v. Guggenheim Exploration Co., 225 N.Y. 380, 381, 122 N.E. 378, 381, Mr. Justice Cardoza said:

"A court of equity in decreeing a constructive trust is bound by no unyielding formula. The equity of transaction must shape the measure of the relief."

In this case certain matters appear from the allegations of the petition which, in our opinion, preclude the recognition of a constructive trust by a court of equity. We do not mean that the presence of one of the particular circumstances mentioned would preclude a constructive trust from arising. We are deciding this case and not attempting to set forth certain unchangeable rules and thus destroy a desirable flexibility.

There is nothing in the petition to indicate that there was a confidential relationship existing between Gates and Coquat before or at the time the letter was written. The parties were rival prospective buyers for the lands in the Apache Ranch. They made an agreement not to compete with one another. This agreement, evidenced by the letter written by Coquat's agent and accepted by Gates, was a contract between principals, that is, Coquat did not become Gates' agent in buying the property. The most that can be said is that Coquat agreed to convey certain lands to

Gates in the future should he be successful in purchasing the same.

Coquat did not use any of Gates' money in purchasing the ranch from Mrs. Ortiz.

We shall refrain from commenting upon a rather uncertain feature of the contract, that is, the proposed oil and gas lease, in view of its probable importance upon a trial of the merits.

It will be seen, several important circumstances generally considered as indicia of a constructive trust are absent from the case made by the petition here involved.

It seems clear to us that the cause of action sought to be asserted is one for the specific performance of a contract. The pleadings are insufficient to establish a constructive trust. The usual judgment in a suit for the recovery of land could not properly be rendered upon the petition here considered. Hearst's Heirs v. Kuykendall's Heirs, 16 Tex. 327; Caven v. Hill, 83 Tex. 73, 18 S.W. 323.

The order appealed from is affirmed.