## SMITH v. PANOLA COUNTY ROYALTY OWNERS ASS'N et al.
### No. 6406.

Court of Civil Appeals of Texas. Texarkana.

Oct. 28, 1948.

Rehearing Denied Nov. 18, 1948.

Neal Powers, Jr. and Long & Strong, all of Carthage, and Bryan, Suhr & Bering and E. H. Suhr, all of Houston, for appellant.

Sellers & Fanning, of Sulphur Springs, for appellees.

WILLIAMS, Justice.

R. E. Smith, defendant below, appeals from a decree which overruled his plea of privilege to be sued in Harris County, the county of his residence. The litigants joined issue on the claim as urged by appellees that the Panola County District Court had venue of the cause of action by reason of Secs. 5 and 14 of Art. 1995, R.C.S. of Texas, Vernon's Ann.Civ.St. Art. 1995, subds. 5, 14.

Panola County Royalty Owners Association, a non-profit corporation, was organized for the general purpose of representing, protecting and promoting the interests of land and royalty owners in the Carthage Gas Field, situated in Panola County, Texas, in their contractual business and other dealings with those engaged in the business of exploring, producing and processing oil and associated products, and so served long prior to and at the time of the consummation of the alleged contract, the basis of the cause of action herein declared upon. The leasehold estates covering some 2710 acres out of the named contiguous surveys situated in above named gas field, which were owned by the defendant, had been pooled and unitized so as to form four units for the drilling and production of natural gas and associated products. Above association joined in by numerous individuals, the owners of royalty interests in lands under above leaseholds, are plaintiffs.

In February, 1946, a dispute existed between litigants with respect to the royalty rights and the basis of compensation and payment under above unitized leaseholds, which resulted in an offer made by defendant, evidenced by his letter dated

April 13, 1946, in which he submitted three propositions. The third proposition which was accepted in writing by plaintiffs shortly thereafter, reads:

"Panola County Royalty Owners Association,
Carthage, Texas.
Gentlemen:

I offer to the royalty owners under my four units in the Carthage Field, Panola County, Texas:—

If the above proposition (which refers to propositions Nos. 1 and 2) is not acceptable to the royalty owners, then in lieu thereof, I will agree to enter into a contract with the royalty owners under my four units in the Carthage Field, identical in its terms and for the same period of time, as the contract which was entered into by the Chicago Corporation with the royalty owners under land in such field on which the Chicago Corporation owns leases, and on which it has drilled wells, and from which it is producing gas.

(Signed)    R. E. Smith."

A copy of the letter which contained above proposition and the letter of acceptance as well as a printed copy of Chicago Corporation contract were attached to and made a part of the petition. The foregoing details represent a brief summary of the contents of the petition.

Predicated upon above allegations and contract plaintiffs further pleaded that since April 30, 1946, this suit being filed in April, 1948, they had made repeated demands upon defendant "to make, execute and deliver to plaintiff Royalty Owners a contract covering said four units identical in its terms and for the same period as theretofore made by the Chicago Corporation" in the same gas field, "but defendant has failed and refused to do so;" that by reason thereof "the value of plaintiffs' mineral interests have been seriously impaired, and such value will continue to be seriously impaired and decreased until the contract and agreement as alleged herein is performed." They alleged damages in excess of $5,000 grounded on the differences between the actual amount that had been paid them and the amount that would be due them under the alleged contract; and for damages in the further sum of $50,000, grounded on the impairment of the value per royalty acre for the alleged failure of defendant to perform under the contract.

Their prayer for relief sought a decree "requiring defendant to specifically perform the contract as alleged;" for an accounting; and for judgment for damages as alleged. The petition, the letters containing the offer and acceptance, and the instruments under which the leases had been unitized were introduced in evidence. It is without dispute from the evidence that the royalty interests involved lands situated in Panola County, Texas. It appears that the terms of the Chicago Corporation contract are definitely established in this gas field.

Applicable to the nature of the cause of action stated and the location of the land are the provisions of Art. 1995, Sec. 14, R. C.S. of Texas, which reads:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:

*    *    *    *    *    *

"14.    Lands—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Humble Oil & Refining Co. v. Monroe, Tex.Civ.App., 129 S.W.2d 454; Budde v. Navarro Oil Co., Tex.Civ.App., 125 S.W. 2d 1055; Elder v. Miller, Tex.Civ.App., 116 S.W.2d 1171; Tennessee Gas & Transmission Co. v. Heard, Tex.Civ.App., 190 S.W.2d 518, 519; Campbell v. Burford Oil Co., Tex.Civ.App., 201 S.W.2d 100; 43 Tex.Jur., page 862. The petition evidences a suit for recovery of damages for the breach of contract; for an accounting for gas theretofore produced and for recovery of the value of plaintiffs' fractional interests under the alleged contract for gas and associated products theretofore produced; and for a decree to require defendant to perform under the contract. The contract relates to and concerns an in-

terest in land, namely, royalty. The relief sought deals with the alleged impaired value of damages to land, the royalty interests, by reason of the alleged breach of contract.

The decree of the trial court in maintaining venue in Panola County, Texas, is affirmed.