## UMBAUGH v. MIERS et al.

### No. 12522.

Court of Civil Appeals of Texas.
San Antonio.

March 11, 1953.

Rehearing Denied April 8, 1953.

Brian Montague, Del Rio, Frank R. Williams, San Antonio, for appellant.

Morriss, Morriss, Boatwright & Lewis, San Antonio, for appellees.

NORVELL, Justice.

This is an appeal from an order sustaining the pleas of privilege of W. L. Miers and Curtis E. Norman and directing that the case be transferred to Edwards County where they reside.

Appellant, Raymond E. Umbaugh, plaintiff below, relies upon exception 14 of Article 1995, Vernon's Ann.Civ.Tex.Stats., which relates to suits for the recovery of lands. The venue facts under this subdivision or exception are the location of the land and the nature of the suit as disclosed by the petition. The land is located in Bexar County, where the suit was filed, and is referred to in the briefs as the Brooks property. In his prayer to the petition, appellant prays "for judgment divesting out of the defendants, W. L. Miers and Curtis E. Norman, and vesting in this plaintiff, title to an undivided ⅓ interest in the Brooks property, etc." An inspection of the petition in its entirety, however, disclosed that the basis of this claim is an executory contract between Umbaugh and Miers, which was allegedly breached by the latter. It is alleged that the Brooks property was purchased by Miers under some financial arrangement with Norman, whereby the legal title to the property was taken in Norman's name; that Miers and Umbaugh, having theretofore had business relations, agreed that Umbaugh would work for Miers in a supervisory capacity in operating the Brooks property; that the purchase price of the property should be paid from the profits of such operations and that when the property was paid out, Umbaugh would be vested with an undivided one-third interest therein. The outstanding indebtedness, secured by a vendor's lien, amounted to $113,750, and it was contemplated that the same would be paid off in approximately ten years. The employment contract between Miers and Umbaugh was entered into on September 15, 1951, and allegedly breached in January of 1952.

The allegations of the petition do not show that appellant was possessed of an equitable title to the land. Rudman v. Chandler, Tex.Civ.App., 255 S.W.2d 592, decided by this Court on February 18, 1953; Gates v. Coquat, Tex.Civ.App., 210 S.W.2d 614; Macom v. Gallagher, Tex.Civ.App., 192 S.W.2d 804. Both sides urge that the contract involved can not be specifically enforced as it involves personal services. This point, however, is deemed immaterial.

The action seemingly is one for breach of contract, to which exception 14 of Article 1995 has no application. The trial court's order was correct and is accordingly affirmed.