**SEALE et al. v. LANGSTON et al.**

No. 4908.

Court of Civil Appeals of Texas.
Beaumont.

June 18, 1953.

Cecil, Keith & Mehaffy, Beaumont, for appellants.

Houston Thompson, Silsbee, for appellees.

ANDERSON, Justice.

Appellees, who were plaintiffs in the trial court, sued both the appellant, William Seale, and one J. C. Means, Jr., in the county court of Hardin County to recover for damages allegedly done by appellant and Means, while drilling for oil, to the surface of land in Hardin County which appellees owned and to trees and a water well thereon situated. Their action, however, sounds in contract rather than in tort. They have declared upon a written instrument, signed by appellant but not by Means, in which appellant represented or agreed that he, or he and his associates, would pay any damages that might occur during the drilling of the well in search of oil.

Both the appellant and J. C. Means, Jr., filed their pleas of privilege to be sued in Jefferson County, the county of their residence. Appellees controverted these pleas of privilege and sought to fix venue in Hardin County by setting up that their suit was upon a written contract which was necessarily to be performed in that county. Upon hearing, the trial court entered an order declaring the cause of action severed as regards Means, sustained his plea of privilege, and in so far as Means was concerned ordered the case transferred to the

county court of Jefferson County; but overruled appellant's plea of privilege. The action of the court in overruling appellant's plea of privilege is the only matter before this court for review.

The written instrument declared upon by appellees and relied upon to fix venue of this suit in Hardin County was as follows:

"William Seale
P.O. Box 3329
Beaumont, Texas
Feb. 12 1951.

Mr. Lee Langston & Mrs. Sarah Langston, Kountze, Texas.

Dear Mr. and Mrs. Langston:

I am preparing to make a location for the drilling of a deep test for oil and gas etc., on the property you are living on, and that I have an oil & gas lease on, bearing date of May 26–1947, recorded in Vol. 185, page 357 (357) deed records Hardin County, Texas.

Our location where we think is the best location for the well, is something like 17 feet from your present water well, and probably 25 to 30 feet from your shed and dog house; and probably 60 to 75 feet from your residence where you live.

We would like to get permission from you and Mrs. Langston to drill on this location. There are other places we could drill, but we want to drill where there is the most liklihood of making a well. We of course will pay you any damages that might occur during the drilling of the well. We are going to have to drill a water well for our own use. We will case this well good and pump it with electricity. We are willing to give you this water well, you of course to allow us to use it for the drilling of other oil wells, · in that vicinity if we want to, for the consideration of letting us drill for oil and gas on the above location, or near it. You of course will furnish your own pump, when we abandon the water well.

If you agree that we can drill an oil well less than 200 feet from your residence as outlined above, please sign a copy of this letter in the space provided below, for your signature, and return the same to me for my files.

"Yours truly,
(Signed) Wm. Seale
William Seale.

(Signed) Lee Langston
Lee Langston

Sarah Langston"

Appellees have not favored us with a brief, but the record as a whole makes it apparent that exception or subdivision 5 of Article 1995, Rev.Civ.Stat., was the only exception to the general rule that one is entitled to be sued in the county of his residence relied upon by them to fix venue in Hardin County. This exception to the general rule just stated reads as follows:

"Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile. As amended Acts 1935, 44th Leg., p. 503, ch. 213, § 1." Vernon's Ann.Civ.St. art. 1995, subd. 5.

It is apparently appellees' theory or contention that since the well was to be drilled in Hardin County, appellant's obligation to pay damages to appellees, if any he caused them to suffer, was also performable in that county, but with this we cannot agree, for there was no such relationship between the two as would make it true. Dismissing this theory, therefore, it is readily apparent that appellant did not, in the instrument on which appellees have based their suit, expressly agree or contract to pay damages in Hardin County or at any definite place therein, as contemplated by exception 5, nor did he do so by implication.

█ The rule is well settled that if venue is to be sustained under exception 5, as amended, in a county other than the county of the defendant's residence, the person who is sought to be held liable must have contracted in writing to perform the particular obligation sought to be enforced

in the county where suit is brought, expressly naming such county or a definite place therein. The fact that some obligation not involved in the suit may be performable under the contract in the county where suit is brought will not suffice to sustain venue there under this exception, nor will the place of performance be fixed there by implication. Farmers' Seed & Gin Co. v. Brooks, Tex.Com.App., 125 Tex. 234, 81 S.W.2d 675; Southwestern Peanut Growers Ass'n v. Kendrick, Tex. Civ.App., 183 S.W.2d 1019; McKinney v. Moon, Tex.Civ.App., 173 S.W.2d 217; Stribling v. American Surety Co. of New York, Tex.Civ.App., 41 S.W.2d 300; Williams v. Doering, Tex.Civ.App., 28 S.W.2d 893; Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610; Smith v. Hall, 147 Tex. 634, 219 S.W.2d 441; Hamilton v. Booher, Tex. Civ.App., 124 S.W.2d 184.

Appellant's obligation to pay damages, if any he has caused appellees to suffer, is the only obligation appellees seek to enforce against him in this suit, and since the instrument which is the basis of this suit and on which they rely to sustain venue does not expressly make the obligation performable in Hardin County, appellant's plea of privilege should have been sustained.

We therefore reverse the order of the trial court overruling the plea of privilege, and remand the cause, with instruction to the trial court to transfer same in accordance with appellant's plea of privilege.

Reversed and remanded, with instruction.