**S. H. FAGADAU, Appellant,**

v.

**SAND SPRINGS HOME, a Corporation, et al., Appellees.**

No. 6971.

Court of Civil Appeals of Texas.

Amarillo.

July 5, 1960.

Rehearing Denied Sept. 6, 1960.

Thompson, Knight, Wright & Simmons, Dallas, Sol Goodell, Dallas, of counsel, for appellant.

Gallaway & Dunning, Borger, for appellees.

DENTON, Chief Justice.

This is an appeal from an order overruling appellant's plea of privilege. The suit was brought by appellees Sand Springs

Home, Pennowa Oil & Gas Company, C. W. Haddoch and W. C. Wait, against appellant S. H. Fagadau, to recover damages for the alleged failure to comply with drilling obligations set out in the assignment from the appellees to H. F. Schlittler who in turn assigned the leases to appellant Fagadau. The assignment transferred certain oil and gas leases covering land situated in Hutchinson County. The appellant filed his plea of privilege to be sued in Dallas County, his legal residence. The plaintiffs below and appellees here, save and except Sand Springs Home, timely filed their controverting affidavit alleging their petition stated a cause of action for the recovery of damages to land under Subsection 14, of Article 1995, Vernon's Texas Civ.St.; and that by the terms of the assignment the assignee failed to perform acts performable in Hutchinson County, contending that Subsection 5 of art. 1995 was also applicable. The amended controverting plea specifically adopted plaintiffs' petition and by reference included it in its controverting plea. The trial court after a hearing overruled the plea of privilege, and the appellant duly perfected this appeal.

By the first point of error appellant contends the plaintiffs' alleged cause of action was one based on a written contract, and was not an action for the recovery of damage to land. In support of their contention that the trial court was correct in overruling the plea of privilege, the plaintiffs below alleged in their petition that as original lessees of three oil and gas leases they assigned the lease to one F. H. Schlittler on September 17, 1956 who in turn assigned the leases to the appellant the following day. The assignment described the 140 acre tract in Hutchinson County and imposed a covenant upon the assignee to develop the land for oil and gas by commencing drilling the first well on or before the 10th day of October, 1956 and to complete the well to a designated formation. The assignee further agreed and covenanted to drill six additional wells on the tract

with each successive well to be commenced within 90 days after the completion of the last well. The assignment specifically excused and relieved the assignee from drilling any of the wells provided for other than the first well by executing a reassignment of the leases back to the assignors if the reassignment was executed not later than 30 days prior to the time fixed for the commencement of the drilling of the next well. The plaintiffs excepted from the assignment and reserved 1/16th of 7/8ths of all of the oil, gas and casinghead gas produced, saved and marketed under the terms of the oil and gas lease.

The assignment further provided that in the event assignee failed to reassign the undeveloped acreage (20 acres were alloted for each well drilled) after the first well or failed to commence each successive well until seven wells were completed "within the time and manner hereinabove provided or within the time and manner provided in the original lease so that the rights of the original leasee (appellees here) under said lease shall terminate as to any of the undeveloped acreage, then assignee agrees to pay to assignors a sum equal to $100.00 per acre for all acreage with respect to which said oil and gas lease terminates. It is agreed that said sum shall be paid by assignee and accepted by assignors as liquidated damages for and as a result of such breach of the terms of this assignment by assignee; it being recognized and agreed that actual damages suffered and sustained by assignors shall be difficult of accurate ascertainment and that said sum of $100.00 per acre damages is a reasonable sum commensurate with the damages which should be suffered and sustained by assignors." The appellees further alleged in their petition that the appellant completed three wells under the agreement, but failed to drill the other wells provided for and failed to reassign the leases to appellees.

Appellees further alleged that by reason of appellant's failure to comply with the covenants and obligations of the assign-

ment, the oil and gas leases covered by the assignment expired by their own terms as to 80 acres of undeveloped land in the tract to plaintiffs' damage in the sum of $8,000.

In order to determine whether Subsection 14 of art. 1995, V.A.C.S. applies in the case at hand it must be decided if the suit is for the recovery of land or for damages thereto. It was stipulated that the land involved is situated in Hutchinson County. A mineral estate in land is an interest in land and damages to such estate is damages to land. Marshall v. McMurrey, Tex.Civ.App., 303 S.W.2d 811; Natural Gas Distributing Corp. v. Williams, Tex.Civ.App., 292 S.W.2d 353. As we interpret plaintiffs' petition the primary purpose of the suit was to recover damages for the loss of and title to the royalty interest upon the failure of appellant to develop the remaining acreage for oil and gas. We therefore hold that the pleadings alleged and exhibits introduced support a claim for damages to land. Natural Gas Distributing Corp. v. Williams, supra; Frost v. Standard Oil Co. of Kansas, Tex.Civ.App., 107 S.W.2d 1037. We are therefore of the opinion and so hold that venue is in Hutchinson County under Subsection 14 of art. 1995. Plaintiffs having properly alleged a cause of action against appellant for damages to land and established by stipulation the location of the land to be in Hutchinson County, the trial court properly overruled appellant's plea of privilege as to appellees Pennowa Oil and Gas, C. W. Haddoch and W. C. Wait and held venue to lie in Hutchinson County.

By appellant's third point of error he contends that since one of the plaintiffs failed to file a controverting affidavit the trial court should have sustained the plea of privilege as to the entire cause of action. The record fails to disclose the exact interest in the mineral interest held by the plaintiff Sand Springs Home. The assignment to the defendant refers to the three leases collectively held by all the plaintiffs,

and describes the tract of land as one overall tract. Having determined that the nature of this case is to recover damage to land, the venue for the suit was properly determined under Subsection 14 of art. 1995. By reason of the use of the word "must", Subsection 14 is a mandatory venue exception which fixes venue in the county where the land lies. Lott v. Fields, Tex. Civ.App., 236 S.W.2d 878; Tunstill v. Scott, 138 Tex. 425, 160 S.W.2d 65. In South Texas Development Co. v. Williams, 130 Tex. 217, 107 S.W.2d 378, 379, we find the following language in discussing Subdivision 14:

"While this subdivision is not jurisdictional in the sense that it may not be waived, yet it is mandatory in the sense that, when any one necessary defendant objects in proper time and manner to a trial of the cause in any county other than that in which the land is situated, the cause must be transferred to that county."

We also are of the opinion the converse is true and if any one or more necessary plaintiffs file a proper and timely controverting plea for a trial of the cause in the county where the land is situated, the entire cause of action must remain there.

Obviously, the Sand Springs Home is a necessary party to this cause of action to recover for the loss of a mineral interest in the undeveloped portion of the tract in question. All plaintiffs were tenants in common or joint owners of the mineral interest. It follows that the cause of action, if any, of Sand Springs Home should be tried and determined along with the alleged cause of action of the other plaintiffs. It is further to be noted that the defendant made no motion or exception at the time of the hearing in the trial court to sever the cause of action of Sand Springs Home and transfer it to Dallas County. We are therefore of the opinion the defendant abandoned his plea of privilege as to Sand Springs Home. In view of these considerations we are of the opinion the

plea of privilege as to the entire cause of action as alleged by all plaintiffs in their original petition was properly overruled.

In view of our holding that plaintiffs properly pleaded a cause of action for damages to land sufficient to establish venue in Hutchinson County under Subsection 14, we do not deem it necessary to discuss and determine appellant's other point of error in which he maintains the cause of action is based on a contract which did not specify where payments thereunder were to be made. A determination of this point of error becomes immaterial on this appeal. Super-Cold Southwest Co. v. Green & Romans, Tex.Civ.App., 185 S.W.2d 749; Lakeside Irr. Co. v. Markham Irr. Co., 116 Tex. 65, 285 S.W. 593.

Finding no reversible error and believing the plea of privilege of appellant was properly overruled, the judgment of the trial court is affirmed.