Joe O. **WILLIAMS**, Appellant,

v.

Joe **BLALACK**, Appellee.

No. 13785.

Court of Civil Appeals of Texas.

San Antonio.

June 14, 1961.

Rehearing Denied Sept. 6, 1961.

 

Charles L. Krueger, Alfred M. Scott, Austin, for appellant.

A. W. Ferguson, Longview, for appellee.

POPE, Justice.

This appeal is a venue action and concerns Sections 5 and 14, Article 1995, Vernon's Tex.Civ.Stats. Plaintiff filed suit in Calhoun County and the trial court sustained a plea of privilege to move the case to Gregg County.

Plaintiff, J. O. Williams, filed a petition in three counts. The first count asserts the breach of a written contract between plaintiff and defendant, Joe Blalack. Those two parties entered into a written agreement on January 6, 1960, by which Williams agreed to transfer certain oil and gas leases to Blalack. The leases covered mineral interests in Calhoun County. Plaintiff alleged that the defendant breached his agreement to pay $1,500 for an assignment of an oil and gas lease known as the Walden Drillsite. The petition seeks to recover the $1,500, certain lesser amounts for preparing the drill site, and attorney's fees. There is no claim for damages by reason of defendant's failure to drill the premises. See Fagadau v. Sand Springs Home, Tex.Civ.App., 337 S.W.2d 744. In applying Exception 5, we must seek out the obligation sued upon and determine if defendant has contracted in writing to perform that obligation in Calhoun County, expressly naming that county. Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120; Seale v. Langston, Tex.Civ. App., 259 S.W.2d 639. The obligation sued upon is payment. A search of the written agreement attached to plaintiff's petition fails to disclose that defendant agreed in writing to pay for the lease in Calhoun County. That the property was located in Calhoun County does not control the place for making payment. The court correctly ruled that count one did not fall within Exception 5, Art. 1995,

McCammant v. Webb, Tex.Civ.App., 147 S.W. 693.

■ Plaintiff's count two sought damages for Blalack's failure to cover slush pits and to restore the surface of certain lands. Exception 5, supra, is again invoked to hold venue in Calhoun County. The basic agreement in writing is silent about this obligation, and for that reason plaintiff goes outside of that document to find an agreement in writing. Plaintiff alleges that the agreement was at first oral, not written. To convert the oral agreement to restore the drill sites, into a written agreement, plaintiff alleges that defendant's attorney, not the party defendant, wrote plaintiff a letter after he had made repeated demands upon defendant to comply with the oral agreement. The letter fails to locate or identify the lands either as to the surveys or county. It is not signed by the defendant. It states, "Please be advised that I have instructed our man in the area to begin the procedure to cover these pits." Plaintiff alleges that the defendant later in fact covered the pits and restored the premises. This falls short of an agreement in writing on the part of the party defendant.

■ Exception 14, supra, is alluded to in the briefs as a basis for holding venue in Calhoun County by reason of the damages to the land. Plaintiff contends in his petition and brief that the lands damaged by the unrestored slush pits belong to persons not a party to this suit, that he made an agreement for the use of these surrounding lands, that he is obligated to restore them, and that he in turn obtained an agreement from defendant to restore them. The damages then are to lands owned by persons not parties to this action. Exception 14 is inapplicable. Rogers v. Fort Worth Poultry & Egg Co., Tex.Civ.App., 185 S.W.2d 165.

■ Plaintiff's count three seeks to impress a trust upon an overriding royalty to Calhoun County lands. He again invokes Exception 14, supra, as a basis for holding venue in that county. The property upon which plaintiff would impress a trust is Lot 28, Block 15, P. F. Campbell Subdivision, Carancahua Beach in Calhoun County. Plaintiff asserts that he learned that the lot was available for purchase in fee, but that the defendant bought the land before plaintiff did. No fiduciary relationship between plaintiff and defendant is asserted. Defendant then drilled a producing well on Lot 28, and for this service acquired an interest described as a 9.37 percent of 8/8 overriding royalty. Plaintiff alleges that if the defendant had drilled on one of the tracts which defendant had agreed to purchase from plaintiff, instead of drilling on Lot 28, he would have made a producing well. For a producing well on one of plaintiff's tracts, plaintiff says he would have had an overriding royalty equal to what defendant acquired in Lot 28. Plaintiff concludes, therefore, that because the defendant breached a contract to drill and drilled elsewhere he, the plaintiff, owns the interest which defendant acquired from drilling elsewhere. As stated in Umbaugh v. Miers, Tex.Civ.App., 256 S.W.2d 660, 661, on a similar pleading, by Mr. Justice Norvell, "The allegations of the petition do not show that appellant was possessed of an equitable title to the land." Accord, Gates v. Coquat, Tex.Civ.App., 210 S.W. 2d 614.

The judgment is affirmed.

### On Motion for Rehearing.

Plaintiff protests the statement in our opinion that his suit was not for damages to realty. In the third count of his pleading, he prays for damages because defendant failed to drill what is known as the McCollough tract in Calhoun County. He pleads that defendant orally agreed to drill the tract prior to June 29, 1960, and that because defendant failed to drill, he, the plaintiff, lost the lease and is damaged. This is the basis for plaintiff's claim that his suit is for damages to land under Ex-

 

ception 14, Article 1995, Vernon's Tex. Civ.Stats. In our opinion this is not a suit for the recovery of damages to land. It is a suit for damages for breach of contract. Milburn v. Minette, Tex.Civ. App., 278 S.W.2d 269; Lockett v. Shaw, Tex.Civ.App., 106 S.W.2d 768. Accord, Brown v. Gulf Television Company, 157 Tex. 607, 306 S.W.2d 706.

The motion for rehearing is overruled.