**TEXACO INC., Appellant,**

v.

**W. S. GIDEON, Appellee.**

Nos. 11063 and 11064.

Court of Civil Appeals of Texas.

Austin.

April 3, 1963.

William S. Clarke, Houston, Black & Stayton, Austin, for appellant.

W. S. Gideon, Mac Umstatted, Austin, for appellee.

ARCHER, Chief Justice.

These are venue cases which are briefed together pursuant to an agreement between the parties.

Appellee W. S. Gideon was plaintiff in the Trial Court; appellant Texaco Inc. was defendant. The suits were filed by appellee allegedly to obtain a "declaration of the rights, status and legal relations of Plaintiff and Defendant with respect to" certain ratification and depository agreements covering oil and gas leases on the N/2 of Section 14, Block V, T. & P. RR Co. Survey, Fisher County, Texas, Cause No. 11,063, and the E/2 of Section 16, Block V, T. & P. RR Co. Survey, Fisher County, Texas, Cause No.

11,064. These tracts will hereinafter be referred to as Section 14 and Section 16, respectively.

Appellant filed pleas of privilege alleging that "Venue of the suit instituted by Plaintiff is, therefore, under Section 14 of Article 1995, Rev.Civ.Statutes, exclusively in Fisher County, Texas", or in the alternative that venue should be established in Harris County, Texas, where appellant's principal office is located. Subject to the pleas of privilege appellant also filed answers alleging that certain landowners of the above sections are indispensable parties, seeking to interplead such landowners, specially excepting to certain elements of appellee's alleged cause of action, and generally denying all of appellee's allegations.

Appellee filed controverting pleas claiming exceptional venue in Travis County under subdivisions 27 and 5 of Article 1995, and denying venue in Fisher County, Texas, under subdivision 14.

After a trial based upon the agreed statements of fact, the district court overruled appellant's pleas of privilege by orders signed and entered October 2, 1962, to which appellant in open court duly excepted and gave notice of appeal.

The points relied on by appellant are the error of the Court in overruling the pleas of privilege based upon subdivision 14 of Article 1995 and in refusing to transfer the cases to Fisher County, since the ultimate purpose of the suits is to establish title to a royalty interest in the entire N/2 of Section 14, and in the entire E/2 of Section 16, and that since the purpose of the suits is to determine the effect of the ratification agreements upon royalty interests, only, the fact that such agreements provide for payment of delay rentals in Travis County does not establish venue under subdivision 5 of Article 1995 in Travis County, in holding venue in Travis County under subdivision 27 of Article 1995 merely because appellant maintains a representative in Travis County, because such provision does not apply to

domestic corporations, and is unconstitutional in that it unreasonable denies foreign corporations equal protection of the law, and that there is no evidence or the evidence is insufficient that appellee's causes of action arose in Travis County, and the Court erred in holding venue under subdivision 27 of Article 1995.

Appellee takes the position that the suit was brought in Travis County under the Declaratory Judgment Act, to construe his rights, status and other legal relations with respect to a contract executed in Travis County and mailed to appellant, and that there is no question of title involved.

Article 2524–1, Sections 1, 2 and 3, R.C.S., provide for the scope of Uniform Declaratory Judgments Act.

Prior to September 22, 1960 appellant, through its predecessor TXL Oil Corporation, held oil and gas leases on the N/2 of Section 14 and Appellee was the owner of ⅒ (or 16-acre) interest in the minerals in and under the NW/4 of Section 14.

Appellant owns an oil and gas lease on the E/2 of Section 16, and Appellee owns an undivided ⅒ (or 16-acre) mineral interest in the NE/4 of Section 16.

The mineral lease under which appellant claims on the N/2 of Section 14, Block V, T & P RR. Co. survey in Fisher County, Texas is dated August 15, 1960 and executed by J. C. Stribling, et al.

This lease was subsequently ratified by a number of persons and by appellee on September 22, 1960.

The ratification agreement reads as follows:

"THE STATE OF TEXAS⎱
"COUNTY OF TRAVIS ⎰
 "WHEREAS, J. C. STRIBLING, JR. AND WIFE, STELLA STRIBLING; JOHN STRIBLING, JR. AND WIFE, DAULMA STRIBLING; HUDSON FOWLER AND WIFE, LILLIAN FOWLER; RUTH

FOWLER, A FEME SOLE; CLAY FOWLER AND WIFE, MARJORIE FOWLER; TOMMIE JEAN FOWLER, INDIVIDUALLY AND AS GUARDIAN OF THE ESTATES OF LINDA SUE FOWLER, TOMMIE RUTH FOWLER, AND FRED FOWLER, MINORS, executed oil and gas leases to THE TXL OIL CORPORATION covering the:

"N/2 of Section 14, Block V, T&P RR Co. Survey, Fisher County, Texas reference being here made to said original leases for all purposes, said leases being dated August 15, 1960, and being for a primary term of 5 years, providing for annual rental of $1.00 per acre, and containing the customary clauses for ⅛th royalty; and

"WHEREAS, W. S. Gideon is the owner of an undivided ⅒ interest in the minerals under the NW/4 of Section 14, Block V, T&P RR Co. Survey, and as such owner he is willing to ratify said leases, and it is his desire to ratify the same;

"NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS, that I, W. S. Gideon, in consideration of the sum of $10.00 an acre paid to me by said lessee for said leases in the above described land, the receipt of which is hereby acknowledged, do hereby:

"(1) acknowledge receipt of my portion of the bonus monies paid for said leases;

"(2) ratify and confirm said leases as being fully binding upon my interest in the mineral estate in the above described land, the same as if I had personally joined in the execution of said leases and acknowledged and delivered the same and I do hereby lease, demise and let unto said lessee, its heirs and assigns, all my right, title and interest, in and to the said mineral estate in the above described land subject to and in

accordance with the provisions of said leases and this agreement;

"(3) stipulate and agree that the undersigned's portion of such delay rentals as lessee, its heirs and assigns may elect to pay under the terms of the foregoing leases, may be deposited to the credit of the undersigned in the following bank:

"The Austin National Bank, Austin, Texas.

"IN TESTIMONY WHEREOF, witness my hand this 22nd day of September, 1960.
"/s/ W. S. Gideon"

The appellant has a mineral lease, on the E/2 of Section 16, Block V, T&P RR Co. survey, Fisher County, Texas, executed by J. C. Stribling, et al., dated November 14, 1961, and subsequently ratified by several individuals, and by appellee on December 18, 1961, such being in words and terms similar to the agreement as set out herein and we do not copy this agreement again.

Three wells have been drilled on the N/2 of Section 14, two producing wells having been drilled on the NE/4 and a dry hole having been drilled on the NW/4 and production has been had from one or both of the said producing wells since on or about November 23, 1961, and being had now.

Neither Appellant nor its predecessor has paid Appellee any royalties.

Two producing wells have been drilled on the NE/4 of Section 16 and one on the SE/4 of Section 16, and one or more of these wells have been producing oil since on or about July 2, 1962, and no royalties have been paid to Appellee.

We believe that the ultimate and dominant purpose of Appellee's suits is to establish title to a royalty interest in the entire N/2 of Section 14 and in the entire E/2 of Section 16, and we believe that the Court erred in overruling the pleas of privilege based on subdivision 14 of Article 1995, and in re-

fusing to transfer the causes to Fisher County, Texas where the land is located. Subdivision 14 provides suits for the recovery of lands, etc., must be brought in the County in which the land or part thereof, may lie.

■ The provisions of this statute are mandatory, and will prevail over subdivisions 5 or 27, even if the latter are otherwise applicable. South Texas Development Co. et al. v. Williams et al., 130 Tex. 217, 107 S.W.2d 378; Fetherstone et al. v. State et al., 146 S.W.2d 1078, Tex.Civ.App.

■ Royalties are considered interests in land, Tennant v. Dunn, 130 Tex. 285, 110 S.W.2d 53, and therefore subdivision 14 is regarded as applicable to suits involving royalty interests. Smith v. Panola County Royalty Ass'n et al., Tex.Civ.App., 215 S.W. 2d 199.

■ The ultimate or dominant purpose of the suit determines whether a suit falls under subdivision 14, and not how the cause of action is described. Garrison v. Morrow et vir, Tex.Civ.App., 300 S.W.2d 175, writ dism.

There can be no question but that Appellee is endeavoring to establish a royalty interest throughout all of the N/2 of Section 14 and the E/2 of Section 16, rather than having the interests limited to the NW/4 of Section 14, and the NE/4 of Section 16, as was the situation prior to the ratification agreements.

Appellee contends that prior to the ratification of the leases he was the owner of a 16-acre mineral interest in two separate quarter sections, and that the execution of the agreements placed him in the same position as though he had signed the leases themselves and that his interest was pooled with that of the minerals in the respective half sections, and that he is entitled to royalties from production on the two half sections.

Unless Appellee can establish a royalty interest in the production throughout the entire half section he can have no valid basis for damages, or other relief because the suits are claims to land or an interest therein

In Renwar Oil Corporation v. E. L. Lancaster et al., 154 Tex. 311, 276 S.W.2d 774, the Court discussed the claims of the plaintiff therein, and determined such were not personal as distinguished from real.

Garrison v. Morrow et vir, Tex.Civ.App., 300 S.W.2d 175, writ dism., is a case concerned with the Declaratory Judgments Act, and holding such was a suit for the recovery of land, and that subdivision 14 was applicable.

The purpose of the suits allegedly is to determine the effect of the ratification agreements upon royalty interests.

The fact that the agreements provide for payment of delay rentals in Travis County would, as to such obligation, establish venue of suits in Travis County to enforce such obligation under subdivision 5 of Article 1995 concerning contracts in writing, but such cannot control venue of the alleged obligation to pay royalties on oil produced under the leases, such being payable in Fisher County, at the wells, etc.

Williams v. Doering, Tex.Civ.App., 28 S.W.2d 893; May et al. v. Perkin, Tex.Civ. App., 227 S.W.2d 393; Seale et al. v. Langston et al., Tex.Civ.App., 259 S.W.2d 639.

Venue cannot be held in Travis County under subdivision 27 of Article 1995 merely because appellant maintains an agency or representative in Travis County, because of the mandatory nature of subdivision 14, supra.

■ Appellee contends that this is not a suit for recovery of land, for damage to land, to remove incumberances upon the title to land, or to quiet the title to land, and not a suit to prevent or stay waste on lands, but

is a suit for the construction or interpretation of a contract between appellee and appellant, and is properly placed in Travis County because plaintiff (appellee) resided there, and defendant (appellant) had an office in and was doing business in Travis County and maintained an agent in Travis County, and that the contracts were executed by appellee in Travis County, and mailed to appellant at Midland, Texas. This may be correct, but the final and ultimate result will be to determine appellee's mineral proportions on either the ¼ Sections or extended to the ½ Sections. There is, however, no question but that appellee owns the recited mineral interests, towit, an undivided ⅒th (or 16-acres) in the NW/4 of Section 14 and an undivided ⅒th (or 16-acres) in the NE/4 of Section 16, but as stated, the issue is does he own mineral interests in the two ½ Sections and this question should be determined in the County where the land is situated.

The judgments of the Trial Court are reversed and the causes are remanded to the District Court with instructions to enter an order transferring the causes to Fisher County, Texas, for trial on the merits.

Reversed and remanded with instructions.