**DE LANGE v. OGDEN et al.**

No. 3010.

Court of Civil Appeals of Texas. Beaumont.

Nov. 25, 1936.

Swearingen, Miller & Fly, of San Antonio, and Perkins & Floyd, of Alice, for appellant.

Lloyd & Lloyd, of Alice, and Bryan, Suhr, Bering & Bell, of Houston, for appellees.

O'QUINN, Justice.

This is an appeal from an order overruling a plea of privilege.

Appellees, Ralph Ogden, Claud B. Hamill, and R. E. Smith, brought this suit in the district court of Duval county, Tex., against appellant, Rodney De Lange, to recover an undivided one-half interest in and to two oil, gas, and mineral leases: (a) Lease covering "the North one-half (80 acres) of the Southeast quarter, and the Southeast quarter (40 acres) of the Southeast quarter of Section 76, Certificate No. 737, A. B. & M. Survey, in Duval County, Texas, aggregating 120 acres, more or less," known as the Bishop Cattle Company Lease; and (b) lease covering "the Southeast quarter of the Northeast quarter of Survey 76, Certificate No. 737, A. B. & M. Survey, in Duval County, Texas, containing 40½ acres, more or less," known as the L. B. Moody lease.

438

Appellant, Rodney De Lange, filed his plea of privilege to be sued in the county of his residence, Bexar county, Tex. Appellees duly filed their controverting affidavit in which they said the suit was one to cover an interest in minerals in certain lands, that such minerals were real estate or land, and that the lands were located in Duval county, Tex., the county in which the suit was filed, and so maintainable in said county under subdivision 14 of article 1995, R.S.1925. Their controverting affidavit fully repleaded the allegations of their petition relative to their right to recover the alleged interest in the mineral leases. Upon full hearing, the court entered judgment overruling appellant's plea of privilege. This appeal is from that order.

■ Appellees filed motion to dismiss the appeal, and, while we are inclined to believe that the motion is well taken, because of our conclusion as to the disposition of the appeal, we do not think it necessary to pass upon the motion.

■ It is well settled that on questions of venue the character of the action must be determined solely by the allegations in the petition and controverting affidavit, and is a question of law to be determined by the court, and not a question of fact to be determined by testimony aside from the allegations in the petition. Koch v. Rodenbeck (Tex.Civ.App.) 259 S.W. 328; Jones v. Hickman, 121 Tex. 405, 48 S.W.(2d) 982; Highway Motor Freight Lines v. Slaughter (Tex.Civ.App.) 84 S.W.(2d) 533; Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.(2d) 675. (Many cases so holding could be cited.)

■ For the sake of brevity, we do not state the substance of the allegations in appellees' petition, but will say that, while their allegations of ownership of an undivided one-half interest in and to the leases in question are based upon an oral contract with appellant, they allege full performance on their part, and amply, fully, and certainly set out their fact allegations on which they assert their right and title to the interest claimed in the leases, and their right to recover same. The land covered by the leases is in Duval county. Appellant does not dispute the proposition that a suit to recover minerals is a suit to recover an interest in land within the meaning of subdivision 14 of article 1995, R.S.1925.

Under the record, the judgment should be affirmed, and it is so ordered. Affirmed.