### ROBINSON et al. v. O'KEEFE.
### No. 10630.

Court of Civil Appeals of Texas.
Galveston.

June 3, 1937.

C. A. Teagle, of Houston, for appellants.

J. R. Hill and R. E. Schneider, Jr., both of Houston, for appellee.

GRAVES, Justice.

With only such interpolations as to details as have been deemed helpful, this statement has been taken from the appellants' brief:

"T. F. O'Keefe filed suit in the district court of Harris County, Texas, against George E. Robinson, individually and as

trustee, and against J. H. Carreker, alleging that George E. Robinson had taken in his name certain oil-leases on lands lying in Nueces County, Texas, setting out the leases in his petition, and aggregating 199-1/15 acres in seven different tracts, the lands and leases fully described by specific reference to recorded instruments in that county.

"The plaintiff sets out a written contract made by the defendants with him, but pleads that the contract did not fully describe his rights, in that it was intended to cover leases in Texas, as well as in the State of Louisiana, which was not controverted.

"He alleges that by the agreement he was to have one-fourth interest in the property, or moneys realized therefrom, 'that the options, leases, and royalties so obtained, as soon as same were acquired, were to become the property of all parties to the agreement in the following proportions; * * * and the said defendants in accordance with their agreement obtained the leases on certain lands in this area, taking said leases in the name of George E. Robinson, Trustee, said leases covering the following described lands located in Nueces County, Texas' (giving descriptions); that 'defendants have repudiated the agreement and stated that they did not recognize and do not recognize the interest of said plaintiff in and to said above described lands, and are at this time attempting to dispose of and encumber and tie up said leases without the agreement or consent of plaintiff and in total disregard with his rights.'

"He then concludes his petition with this prayer:

"'Wherefore, plaintiff prays the Court that defendants be cited to appear and answer this petition and upon final hearing hereof plaintiff have judgment establishing his interest and rights in and to the above described lands and premises, and for such other and further relief, etc.'

"The defendants all resided in Harris County, Texas, and the petition so alleges that the lands are all located in Nueces County, Texas, which is admitted.

"Before appearance day the defendants filed their plea to the jurisdiction of the court and for change of venue, the same being under oath and showing that the land was located in Nueces County, Texas, and that the plaintiff was thus claiming a fee interest of one-fourth in such leases.

"The plaintiff filed what he termed a Controverting Plea and Affidavit, making his original petition by reference a part thereof, which was simply a denial that this cause came within subdivision 14, of article 1995, of the Revised Statutes.

"The matter was submitted to the court on the sworn pleadings, and no evidence was offered by either side.

"After considering the plea and argument, the trial court entered its judgment overruling the plea of venue, and retaining jurisdiction in Harris County."

■ In this court appellants contend their plea for a change of venue to the county where the lands lay, pursuant to subdivision 14 of R.S. Article 1995, should have been sustained, under these authorities: Knoles v. Clark (Tex.Civ.App.) 163 S.W. 369; Galbreath v. Farrell (Tex.Civ.App.) 221 S.W. 1015; De Lange v. Ogden (Tex.Civ.App.) 99 S.W.(2d) 437; Stemmons v. Matthai (Tex.Civ.App.) 227 S.W. 364; Texas Co. v. Tankersley (Tex.Civ.App.) 229 S.W. 672; Texas Co. v. Daugherty, 107 Tex. 226, 176 S.W. 717, L.R.A.1917F, 989; Thomason v. Ham (Tex.Civ.App.) 210 S.W. 561; Black v. Black (Tex.Civ.App.) 82 S.W.(2d) 1073; Tidal Oil Co. v. Grays (Tex.Civ.App.) 54 S.W.(2d) 1043; Corzelius v. Cosby Producing & Royalty Co. (Tex.Civ.App.) 52 S.W.(2d) 270.

This position is sustained; indeed, the only defense the appellee makes of the learned trial court's action is thus summarized in his brief: "The plea was thoroughly argued and the court stated when announcing his ruling that it was upon the ground that the action did not come within subdivision 14 of article 1995 of the Statutes, as was contended by appellants. Appellants in their brief assume that it is 'an action for interest and title in lands,' and make no complaint about the trial court's ruling that the action was not one for the recovery of land."

In an elaboration of that view, he then proceeds to argue that, since he sued upon a written contract the gravamen of which, he urges, was to provide for the division among the parties thereto of the proceeds of the sale of their leases, the quoted declarations of his petition herein should be disregarded and his suit by and large considered as one for specific performance only of such a contract, his supporting authorities being such cases as Ballard v. Ellerd (Tex.Civ.App.) 199 S.W. 305 (writ

of error refused); Garrison v. Stokes (Tex.Civ.App.) 151 S.W. 898; Burkitt v. Wynne, 62 Tex.Civ.App. 560, 132 S.W. 816 (writ of error refused).

The vice in this defense lies in the unmistakable fact that, while subsidiary provisions of the contract did so provide for the possible sale and division of the resulting proceeds of the properties that might be acquired in agreed proportions among them, the quoted further provisions of it just as unmistakably contemplated the acquirement of the lands and leases themselves in the specified joint ownership thereof as such, and the likewise quoted averments in the trial petition just as certainly declare upon the refusal of the appellants to divide the land itself in advance of any sale thereof as the only claimed breach of the contract; wherefore, it must be inept to still insist that the plain recitations of both petition in court and underlying contract should be disregarded and the violation substituted in their stead of a mere contingent right that never matured under the latter, nor was sued upon in the former; the distinction between the two lines of cases thus severally relied upon by the parties here, those of the appellants being in actions for the recovery of the land itself, those for the appellee being in suits for the specific performance of a contract to convey land—has perhaps never been better stated than was in the early case of Hearst's Heirs v. Kuykendall's Heirs, 16 Tex. 327, by Chief Justice Hemphill in this language: "An action for the recovery of lands has a well known and definite signification, and means an action of ejectment, trespass to try title, or a suit to recover the land itself; whereas the object of a suit by vendee, for specific performance, is not the recovery of the land itself, but to enforce a contract for its sale, and the delivery of a deed or title for the land. The vendee may be, and very often is, in possession of the land, and that by an equitable title superior in every respect to the shadow of legal title remaining with the vendor, but for convenience and security he may desire a conveyance in form, in accordance with the contract; and a proceeding for this purpose could not, in the ordinary and legal acceptation of the terms, be described as a suit for the recovery of the land. To secure title deeds to land is one thing; to recover the land itself is another; and as the former is generally and mainly the object of a suit by vendee for the specific performance of a contract for the sale of land, it is apparent that the action does not come within the scope of a provision, the operation of which is restricted to suits for the recovery of the land."

Without attempt either to add anything to that statement of the law, or to demonstrate by argument what seems obvious to this court—that the cause at bar falls under the classification of an action for the land itself—the judgment of the learned trial court will be reversed and the cause remanded to it with instructions to transfer it to the district court of Nueces county.

Reversed and remanded, with instructions.