**Opinion issued December 5, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00385-CV

———————————

## DANIEL A. HAILE AND WONGELAWIT K. ALEMU, Appellants

## V.

## TAMUNO IFIESIMAMA, Appellee

On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Case No. 18-DCV-252103A

## MEMORANDUM OPINION

Appellants, Daniel A. Haile and Wongelawit K. Alemu, challenge the trial court's rendition of summary judgment in favor of appellee, Tamuno Ifiesimama, in his suit against them for trespass to try title and breach of contract. In two issues,

Haile and Alemu contend that the trial court erred in granting Ifiesimama summary judgment.

We affirm.

## Background

In his first amended petition, Ifiesimama alleged that he was "the record owner of a piece of property" located in Stafford, Fort Bend County, Texas (the "property"). In September 2013, Haile and Alemu brought suit against Ifiesimama seeking specific performance of a contract they had entered with Ifiesimama for sale of the property (the "specific performance suit").[1]

According to Ifiesimama, on September 25, 2017, the trial court signed a final judgment in the specific performance suit (the "prior judgment"). In the prior judgment, which Ifiesimama attached to his first amended petition, the trial court ordered Ifiesimama to sell the property to Haile and Alemu for $179,000.00, vacate the property within thirty days, and have "no further possession" of the property. As to Haile and Alemu, the trial court ordered them to "secure financing for the purchase of the [p]roperty in the amount of $179,000[.00]" within thirty days of the date of the prior judgment, and the trial court declared that they were entitled to a writ of

---

[1]   *Daniel A. Haile v. Tamuno Ifiesimama and Tamunnoibuomi Ifiesimama*, Cause No. 13-DCV-209467, previously pending in the 400th Judicial District Court of Fort Bend County, Texas.

2

possession of the property "to be issued as necessary" within thirty days of the date of the prior judgment.[2]

Ifiesimama further alleged that in compliance with the prior judgment, he "vacated the [p]roperty" and "has had no further possession of the [p]roperty." And Ifiesimama alleged that he "complied with all other orders" in the prior judgment, but he "was not able to close and transfer title to the [p]roperty because [Haile and Alemu] never paid for it. Therefore, title remained with Ifiesimama."

Ifiesimama then asserted that the prior judgment was "a cloud on the title to the [p]roperty in that it [could] cause the ownership of the [p]roperty to be in question." Specifically, Ifiesimama asserted that although the prior judgment "appear[ed] to give [Haile and Alemu] an ownership interest in the [p]roperty," it was "invalid or unenforceable due to their failure to abide by" the terms of the prior judgment. And because Ifiesimama was "[u]nable to resolve th[e] dispute with Haile and Alemu," he brought the instant "suit to clear title to the [p]roperty in his name."

Ifiesimama brought a trespass-to-try-title claim against Haile and Alemu requesting that the trial court "render a judgment finding" that Haile's and Alemu's failure to comply with the prior judgment in the specific performance suit made "any

---

[2]     Ifiesimama appealed the trial court's prior judgment in the specific performance suit. This Court affirmed the trial court's prior judgment in all pertinent respects. *See Ifiesimama v. Haile*, 522 S.W.3d 675 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). The Court's mandate in that appeal issued on December 15, 2017.

claim to the [p]roperty" by Haile and Alemu "invalid or unenforceable." Ifiesimama also requested that the trial court "deliver possession" of the property to him "through a writ of possession upon entry of [a] final judgment." Further, Ifiesimama brought a claim against Haile and Alemu for breach of contract, seeking to recover the amount he paid for property taxes in 2017 and 2018 as well as back rent for the period during which Haile and Alemu were in possession of the property.

After Haile and Alemu answered, Ifiesimama moved for partial summary judgment on his trespass-to-try-title claim against Haile and Alemu, asserting that he was entitled to judgment as a matter of law. Ifiesimama attached to his motion certain authenticated documents purportedly showing "a regular chain of title" that ended with his ownership of the property, and he attested that there were "no further conveyances" of the property. Thus, according to Ifiesimama, his evidence conclusively proved that he was "entitled to the [p]roperty."

In their response to Ifiesimama's partial-summary-judgment motion, Haile and Alemu argued that "[r]es [j]udicata and [c]ollateral [e]stoppel bar[red] [Ifiesimama]'s right to recovery" on his trespass-to-try-title claim because although Ifiesimama had not prevailed in the specific performance suit, he was "attempt[ing] to relitigate the same issues." Haile and Alemu explained that after Ifiesimama lost his appeal in the specific performance suit, he "had a change of heart and decided to sell the [p]roperty to [Haile and Alemu]." But "[i]nstead of selling" them the

4

property for the amount specified in the prior judgment, "Ifiesimama sought to increase the sales price to include real estate taxes, homeowner's association fees," and "back rent." And Haile and Alemu "refused to pay Ifiesimama" any more than the court-ordered amount of $179,000.00 for the property. Haile and Alemu also noted that under Texas Property Code section 22.003, "[a] final judgment that establishes title or right to possession in an action to recover real property is conclusive against the party from whom the property is recovered."[3]

In his reply, Ifiesimama argued that res judicata and collateral estoppel did not apply to bar his trespass-to-try-title claim against appellants because his instant suit involved "who currently own[ed]" the property, an issue that had not previously been litigated. According to Ifiesimama, the purpose of his trespass-to-try-title claim was "to remedy what [had] occurred since the date" that the trial court entered the prior judgment. Specifically, because Haile and Alemu had "never complied with" their obligations under the prior judgment, they were no longer entitled to specific performance. And in any event, Ifiesimama noted, Haile and Alemu were "not the current owner[s] of the [p]roperty as demonstrated by the evidence" that he submitted with his partial-summary-judgment motion. Ifiesimama further explained that the prior judgment did not involve Texas Property Code chapter 22, so section 22.003 did not apply in the instant suit.

---

[3] *See* TEX. PROP. CODE ANN. § 22.003.

5

The trial court granted summary judgment in favor of Ifiesimama on his trespass-to-try-title claim against Haile and Alemu and declared that Ifiesimama was "the fee simple owner of the [p]roperty." It also ordered that Ifiesimama "recover possession of the premises from [Haile and Alemu]" and "that a writ of possession" issue to enforce the trial court's judgment. The trial court then granted Ifiesimama's motion to sever the trial court's partial-summary-judgment ruling from the rest of the case, making it a final judgment.

## Standard of Review

We review a trial court's decision to grant summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In conducting our review, we take as true all evidence favorable to the non-movants, and we indulge every reasonable inference and resolve any doubts in the non-movants' favor. *Valence Operating*, 164 S.W.3d at 661; *Knott*, 128 S.W.3d at 215. When, as here, the trial court does not specify the grounds on which it granted summary judgment, we must affirm if any of the summary-judgment grounds are meritorious. *See Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

To prevail on a matter-of-law summary-judgment motion, a movant has the burden of establishing that there is no genuine issue of material fact and he is entitled

6

to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). When a plaintiff moves for a matter-of-law summary judgment on his own claim, he must conclusively prove all essential elements of his cause of action. *Rhône–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). Once the movant meets his burden, the burden shifts to the non-movants to raise a genuine issue of material fact precluding summary judgment. *See Siegler*, 899 S.W.2d at 197; *Transcont'l Ins. Co. v. Briggs Equip. Tr.*, 321 S.W.3d 685, 691 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

To defeat summary judgment by raising an affirmative defense, the non-movants must do more than just plead their affirmative defense; they must come forward with evidence sufficient to raise a genuine issue of material fact on each element of their affirmative defense. *Lujan v. Navistar Fin. Corp.*, 433 S.W.3d 699, 704 (Tex. App.—Houston [1st Dist.] 2014, no pet.). The evidence raises a genuine issue of material fact if reasonable and fair-minded jurors could differ in their conclusions in light of all the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

### Summary Judgment

In their first and second issues, Haile and Alemu argue that the trial court erred in granting summary judgment in favor of Ifiesimama on his trespass-to-try-title claim because there were genuine issues of material fact that res judicata and

7

collateral estoppel barred his trespass-to-try-title claim and the trial court's prior judgment in the specific performance suit was conclusive.

Res judicata, or claim preclusion, bars the re-litigation of claims that have been finally adjudicated or that could have been litigated in the prior action. *Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 750 (Tex. 2017). To raise a fact issue on the affirmative defense of res judicata, Haile and Alemu were required to show: (1) the existence of a prior final judgment on the merits by a court of competent jurisdiction; (2) the identity of the parties, or those in privity with them; and (3) a second action based on the same claims that were or could have been raised in the first action. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex. 2008).

Collateral estoppel, or issue preclusion, bars the re-litigation of certain issues between parties which have already been decided. *Bierscheid v. JPMorgan Chase Bank*, 606 S.W.3d 493, 533 (Tex. App.—Houston [1st Dist.] 2020, pet. denied). To establish that Ifiesimama's trespass-to-try-title claim was barred by collateral estoppel, Haile and Alemu had to prove: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994); *Bierscheid*, 606 S.W.3d at 533.

In their response to Ifiesimama's partial-summary-judgment motion, Haile and Alemu argued that res judicata barred Ifiesimama's trespass-to-try-title claim against them because the specific performance suit "resolved all issues related to the parties and the property." But "[a] proceeding brought to secure a conveyance of property is different from a suit to recover land unlawfully withheld from a person entitled to immediate possession." *Allen v. Irwin*, No. 03-17-00776-CV, 2019 WL 2363550, at *3 (Tex. App.—Austin June 5, 2019, pet. denied) (mem. op.); *see Robinson v. O'Keefe*, 107 S.W.2d 419, 421 (Tex. App.—Galveston 1937, no writ); *see also Spakes v. Weber*, No. 10-08-00313-CV, 2010 WL 139955, at *2 (Tex. App.—Waco Jan. 13, 2010, pet. denied) (mem. op.) (suit for specific performance of contract to sell property is not one for recovery of property). And because of this difference, Texas Property Code chapter 22, which governs trespass-to-try-title claims, did not apply to the previous specific performance suit. *See* TEX. PROP. CODE ANN. §§ 22.001–22.045; *Allen*, 2019 WL 2363550, at *2.

Further, specific performance is an equitable remedy available for a breach of contract. *Pickard v. LJH Enters., Inc.*, No. 01-07-01105-CV, 2010 WL 1493105, at *3 (Tex. App.—Houston [1st Dist.] Apr. 15, 2010, no pet.) (mem. op.); *Luccia v. Ross*, 274 S.W.3d 140, 146 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). The essential elements of a breach-of-contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the

contract by the defendant; and (4) damages sustained as a result of the breach. *Ifiesimama v. Haile*, 522 S.W.3d 675, 685 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *B & W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 16 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). A breach of contract occurs when a party to the contract fails or refuses to do something that he has promised to do. *Ifiesimama*, 522 S.W.3d at 685. Because of the unique nature of real property, courts generally enforce a breach of a contract to sell real property through specific performance. *Pickard*, 2010 WL 1493105, at *3; *see also Rus-Ann Dev., Inc. v. ECGC, Inc.*, 222 S.W.3d 921, 927 (Tex. App.—Tyler 2007, no pet.).

A trespass-to-try-title suit, on the other hand, allows a property owner to clear problems in chains of title or to enable an owner with a right to immediate possession of the property to recover possession of land being unlawfully withheld. *Lance v. Robinson*, 543 S.W.3d 723, 735-36 (Tex. 2018); *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004); *Allen*, 2019 WL 2363550, at *3; *see also Brumley v. McDuff*, 616 S.W.3d 826, 832 (Tex. 2021) ("[A] trespass-to-try-title action is the exclusive remedy for resolving overarching claims to legal title."). In a trespass-to-try-title suit, a plaintiff may prove legal title by establishing: (1) a regular chain of title of conveyances from the sovereign to the plaintiff; (2) a superior title to that of the defendant out of a common source; (3) title by limitations (i.e., adverse possession); or (4) possession that has not been abandoned. *Brumley*, 616 S.W.3d at 832.

10

The parties' dispute in the specific performance suit was not about who owned the property but whether Ifiesimama, the undisputed owner of the property, had agreed to sell the property to Haile and Alemu and failed to comply with the parties' agreement. The trial court concluded that Ifiesimama failed to comply with the parties' agreement and ordered the equitable remedy of specific performance. Because there was no dispute that Ifiesimama was the owner of the property when the trial court ordered specific performance of the sales contract, his trespass-to-try-title claim against Haile and Alemu could not have been raised in the specific performance suit.

In asserting that collateral estoppel bars Ifiesimama's trespass-to-try-title claim against them, Haile and Alemu posit that Ifiesimama "can't own a 100% fee simple interest in the [p]roperty yet lack the ability to possess the home." We understand this as an argument that the issue of their possession of the property—an aspect of property ownership—was fully and fairly litigated in the specific performance suit, as required for collateral estoppel to apply. *See Evanston Ins. Co. v. Legacy of Life, Inc.*, 370 S.W.3d 377, 383 (Tex. 2012) ("Some of the key rights in American jurisprudence that make up the bundle of property rights include the rights to possess, use, transfer and exclude others.").

In awarding Haile and Alemu specific performance in the prior judgment, the trial court impliedly found that Haile and Alemu were ready, able, and willing to

11

perform their obligations under the contract to purchase the property. *See DiGiuseppe v. Lawler*, 269 S.W.3d 588, 603 (Tex. 2007). Haile and Alemu enforced their right to take possession of the property under the prior judgment, but they did not secure financing within thirty days of the prior judgment becoming final, as was required to complete their purchase of the property from Ifiesimama. Because Haile and Alemu did not satisfy their obligation to secure financing under the prior judgment, the title to the property was not transferred. And because Haile and Alemu were still in possession of the property, Ifiesimama filed his trespass-to-try-title claim in the instant suit to establish his superior right to its possession. *See Bennett v. Copeland*, 235 S.W.2d 605, 608 (Tex. 1951) (endorsing rule that plaintiff who fails to deposit funds for purchase of property within allotted time loses right to specific performance).

The circumstances that gave rise to Ifiesimama's trespass-to-try-title claim all developed after the trial court signed the prior judgment in the specific performance suit. Accordingly, Ifiesimama's trespass-to-try-title claim could not have been adjudicated in the specific performance suit, as required for res judicata to apply, nor could it have been fully and fairly litigated in the specific performance suit, as required for collateral estoppel to apply. *See Engelman Irrigation Dist.* 514 S.W.3d at 750; *Sysco Food Servs.*, 890 S.W.2d at 801. Thus, we hold that the trial court did not err in concluding that Haile and Alemu did not raise a fact issue as to whether

12

res judicata or collateral estoppel barred Ifiesimama's trespass-to-try-title claim against them and the trial court did not err in granting Ifiesimama summary judgment.

We overrule Haile's and Alemu's first and second issues.

## Conclusion

We affirm the order of the trial court.

Julie Countiss
Justice

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.